[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED MAY 19, 1997
The plaintiff's, Lesleigh M. Schembri and Joseph Schembri, brought this malpractice action against the defendants, Physicians for Women, P.C. and Dr. Leonard Goldstein, alleging that from approximately August 11, 1994 until May 9, 1995, the defendants negligently treated and cared for Lesleigh Schembri, who was subsequently diagnosed with breast cancer. On August 12, 1996, the defendants filed an apportionment complaint pursuant to General Statutes § 52-572h and Public Act 95-111 (now codified as General Statutes § 52-102b) against Dr. Michael CT Page 4979 Colin, a New York physician. The defendants claim that to the extent that the plaintiff's suffered any of the injuries alleged in their complaint, such injuries were proximately caused by the negligence of Dr. Colin in failing to recommend or order further treatment after an examination of Lesleigh Schembri.
Specifically, the defendants allege that on or about July 15, 1994, Dr. Colin examined Lesleigh Schembri at the request of Schembri's attorneys, the Connecticut law firm of Koskoff, Koskoff Bieder, P.C. (hereinafter Koskoff), to determine whether she was eligible for the Breast Implant Litigation Settlement Disease Compensation Program. The defendants allege that on August 1, 1994, Dr. Colin issued to Koskoff a report of his examination of the plaintiff indicating, inter alia, that during his examination of Lesleigh Schembri, he "palpated a tender nodular area in the inner-upper quadrant of the plaintiff's right breast." The defendants claim that Dr. Colin was negligent in that after the July 15, 1994 exam, he failed to communicate his findings to the plaintiff, failed to recommend to the plaintiff that she undergo further tests, failed to order further testing for the plaintiff, failed to refer the plaintiff to a specialist and failed to contact the plaintiff's gynecologist.
On October 28, 1996, Dr. Colin filed a motion to dismiss the apportionment complaint on the ground that the court does not have personal jurisdiction over him because: (1) Dr. Colin did not transact any business in Connecticut; (2) Dr. Colin's alleged negligent act did not occur in Connecticut; (3) he did not regularly conduct business, solicit business or engage in a persistent course of conduct in Connecticut; and (4) he does not have sufficient minimum contacts with Connecticut to satisfy constitutional due process requirements. The motion is accompanied by the affidavit of Dr. Colin to this effect. On January 2, 1997, the defendants filed an objection to the motion to dismiss and several exhibits, arguing that Dr. Colin has sufficient contacts with Connecticut so that this court can exercise personal jurisdiction over him under General Statutes § 52-59b(a)(1) and (a)(3)(A) and due process requirements.
A motion to dismiss properly challenges a lack of jurisdiction over the person. Practice Book § 143; Knipple v.Viking Communications Ltd., 236 Conn. 602, 605, 674 A.2d 426
(1996). "When a [nonresident] defendant files a motion to dismiss challenging the court's jurisdiction, a two-part inquiry is CT Page 4980 required. The trial court must first decide whether the applicable state longarm statute authorizes the assertion of jurisdiction over the [defendant]. If the statutory requirements [are] met, its second obligation [is] then to decide whether the exercise of jurisdiction over the [defendant] would violate constitutional principles of due process." (Internal quotation marks omitted.) Knipple v. Viking Communications Ltd., supra,
606.
If a challenge to the court's personal jurisdiction is raised by a nonresident defendant, the plaintiff bears the burden of proving the court's jurisdiction. Knipple v. VikingCommunications Ltd., supra, 236 Conn. 607. The motion to dismiss "admits all facts . . . well pleaded, invokes the existing record and must be decided upon that alone." (Internal quotation marks omitted.) Barde v. Board of Trustees, 207 Conn. 59, 62,539 A.2d 1000 (1988). The trial court "must consider the allegations of the complaint in their most favorable light." (Internal quotation marks omitted.) Antinerella v. Rioux, 229 Conn. 479, 489,642 A.2d 699 (1994). "Where, however . . . the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint." (Footnote omitted.) Barde v. Boardof Trustees, supra; see also Knipple v. Viking Communications.Ltd., supra, 608.
The parties agree that the potentially applicable grounds for long-arm jurisdiction are contained in General Statutes §52-59b(a)(1) and (a)(3)(A). General Statutes § 52-59b (a) provides in pertinent part: "As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident individual . . . who in person or through an agent: (1) [t]ransacts any business within the state; or . . . (3) commits a tortious act outside the state causing injury to person or property within the state . . . if he (A) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state . . ."
Relevant to the court's jurisdiction, the defendants allege in paragraphs eight through 12 of the apportionment complaint that: CT Page 4981
 8. Dr. Colin had an ongoing relationship with the lawfirm of Koskoff, Koskoff Bieder, P.C. pursuant to which he evaluated numerous individuals who had brought claims arising out of their silicone breast implant surgery.
 9. Many of the claimants evaluated by Dr. Colin were Connecticut residents.
 10. Dr. Colin was compensated for his examinations of the claimants at the request of the lawfirm of Koskoff, Koskoff Bieder, P.C.
 11. Plaintiff Lesleigh M. Schembri was referred to Dr. Colin for examination by Koskoff, Koskoff 
Bieder, P.C.
 12. Dr. Colin rendered the report [regarding Lesleigh Schembri] at the request of Koskoff, Koskoff Bieder, P.C.
As exhibits attached to their opposition to the apportionment defendant's motion to dismiss, the defendants have submitted photocopies of discovery documents in twenty-eight Connecticut cases, each of which lists Dr. Colin as a medical practitioner who states that he believes that the plaintiff's disease or condition was caused by or related to the plaintiff's breast implants.
In support of his motion to dismiss, Dr. Colin has submitted an affidavit in which he attests that he is not licensed to practice medicine in Connecticut, that he does not maintain offices in Connecticut, that he does not transact any business in Connecticut and that he does not regularly solicit business or engage in any persistent course of conduct in Connecticut. Dr. Colin also attests that he only examined Lesleigh Schembri on one occasion, that the exam occurred in his office in New York, that he did not visit Connecticut to reexamine the plaintiff, nor did he consult with the defendants regarding their treatment of the plaintiff.
Under § 52-59b(a)(1), the term "transacts any business" embraces "a single purposeful business transaction." (Internal quotation marks omitted.) Rosenblit v. Danaher, 206 Conn. 125,138, 537 A.2d 145 (1988). Moreover, "jurisdiction is proper under CT Page 4982 § 52-59b(a)(1) only if the plaintiff's cause of action arises out of the business transacted in the state." Weinberg v. Zimet,Haines, Friedman Kaplan, No. 3:94 CV1681, slip op. at 3-4 (D.Conn., August 8, 1996), citing Sherman Associates v. Kals,899 F. Sup. 868, 870 p. Conn. 1995) (Dorsey, J.). The record in the present case is devoid of any evidence, or even any allegations that Dr. Colin transacted any business within Connecticut, or that the plaintiffs' claim arose out of any business transacted by Dr. Colin within the state.
The defendants argue that Dr. Colin's contacts with Connecticut through his relationship with Koskoff in examining plaintiff's in relation to breast implant litigation pending in Connecticut is sufficient to satisfy the "transacts any business" prong of the longarm statute. However, in light of the absence of evidence of any single business transaction occurring within this state, Dr. Colin's business relationship with Koskoff is insufficient to demonstrate that he "transacts business" in Connecticut. See Weinberg v. Zimet, Haines, Friedman Kaplan,supra, 4. Moreover, merely mailing a report to a Connecticut resident is not sufficient to constitute "transacting business" within the state. See, e.g., Rosenblit v. Danaher, supra,206 Conn. 139-41; Weinberg v. Zimet, Haines, Friedman Kaplan,supra, 4. Therefore, this court does not have jurisdiction over Dr. Colin under § 52-59b(a)(1).
The analysis now turns to § 52-59b(3), which in pertinent part permits jurisdiction over a nonresident defendant who "commits a tortious act outside the state causing injury to person or property within the state . . . if he (A) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state . . ." Dr. Colin argues that any injuries resulting from his alleged negligence occurred in New York, not in Connecticut, and therefore, such alleged conduct does not provide jurisdiction under this section. The defendants counter that the alleged injury is the delay in diagnosis and initiation of treatment, and that such injury occurred in Connecticut.
In analyzing jurisdiction under General Statutes §52-59b, Connecticut courts often follow judicial interpretation given to New York Civil Practice Law § 302, which was used by the legislature as a model for Connecticut's longarm statute.Zartolas v. Nisenfeld, 184 Conn. 471, 474, 440 A.2d 179 (1981). CT Page 4983 Under New York's C.P.L.R. § 302(a)(3), "[t]he situs of the injury is the location of the original event which caused the injury, not the location where the resultant damages are subsequently felt by the plaintiff." Hermann v. Sharon Hospital,Inc., 522 N.Y.S.2d 581, 583, 135 App.Div.2d 682 (1987). As alleged in the apportionment complaint, the original event which allegedly caused the injury was Dr. Colin's examination of the plaintiff in New York and his subsequent failure to recommend further treatment or to inform the plaintiff or her doctors of her need for further treatment. These acts and omissions occurred in New York, and therefore, do not confer jurisdiction in Connecticut under § 52-59b(a)(3).
Even if the facts of this case indicated that the injury occurred in Connecticut the defendants would still need to demonstrate that Dr. Colin "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state" under § 52-59b(a)(3)(A) and that the plaintiffs' cause of action arises out of that conduct. While Dr. Colin asserts in his affidavit that he does not engage in any of the enumerated activities, the defendants argue that Dr. Colin's examination of plaintiff's for twenty-eight Connecticut breast implant cases at the request of Koskoff amounts to a persistent course of conduct in this state in that he has "injected himself into the Connecticut silicone breast implant controversy," "he will be a prominent witness in the Connecticut courts," and "he continues to allow the plaintiff's to utilize him as an expert in their cases . . ."
Examining plaintiff's in New York at the request of a Connecticut law firm for the purposes of litigation pending in Connecticut is not enough to constitute a "persistent course of conduct . . . in the state." (Emphasis added.) General Statutes § 52-59b(a)(3)(A). The defendants have not alleged, nor have they presented any evidence indicating that Dr. Colin has traveled to Connecticut for any meetings relating to the breast implant litigation, performed any of the exams in Connecticut or even testified as an expert at any of the Connecticut breast implant trials.
Therefore, the defendants have failed to meet their burden of demonstrating that this court has jurisdiction over Dr. Colin under General Statutes § 52-59b. Because the court has found a lack of long-arm jurisdiction in this case, the court need not CT Page 4984 address the requirements of constitutional due process. The apportionment defendant's motion to dismiss the apportionment complaint is, accordingly, granted.
STODOLINK, J.