11-1820-cv
Gerena v. Korb

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of January, two thousand twelve,

PRESENT:  ROSEMARY S. POOLER,
          DEBRA ANN LIVINGSTON,
          RAYMOND J. LOHIER, JR.
                   Circuit Judges.
_____

ALEXANDRA GERENA, CONSTANCE GERENA,

                    *Plaintiffs-Appellants*,

          v.                                          11-1820-cv

GREGORY KORB,

                    *Defendant-Appellee*.[1]
_____

FOR APPELLANT:              DAVID L. RABIN, The Rabin Law Firm, Mount
                            Kisco, NY.

FOR APPELLEE GREGORY KORB:   ROSEMARIE PAINE, Jacobs, Grudberg, Belt,
                            Dow & Katz, P.C., New Haven, CT.

---

[1]The Clerk of the Court is directed to correct the caption.

Appeal from a judgment of the United States District Court for the District of Connecticut (Eginton, *J.*).

UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court be AFFIRMED.

Plaintiffs Alexandra Gerena and her mother, Constance Gerena, appeal from the March 28, 2011 ruling of the United States District Court for the District of Connecticut denying their motion under Fed. R. Civ. P. 60(b) for relief from the district court's order of December 3, 2010 dismissing their complaint alleging intentional tort claims of assault, battery, intentional infliction of emotional distress, bystander emotional distress, and loss of consortium. We assume the parties' familiarity with the procedural history, facts, and issues on appeal.

The complaint alleges that defendant Gregory Korb and plaintiff Alexandra Gerena were both students at Yale University. In August 2005, the two were attending Camp Yale, which the complaint alleges is a Yale-sponsored event for its students to socialize prior to the beginning of the fall semester. The complaint alleges that after a day of partying and drinking, Korb accompanied Gerena to her dorm room, where he proceeded to assault her, "biting her about her face and breasts, causing severe physical injury, pain and suffering. He physically restrained her and prevented her from leaving until he was done."

Gerena and her mother filed suit against Korb and Yale. On May 15, 2009, the district court granted defendants' motions to dismiss, finding neither defendant was timely served and that, in any event, Connecticut's statute of limitations barred plaintiffs' claims. On appeal, we affirmed the dismissal of the complaint as to Yale. *Gerena v. Korb*, 617 F.3d 197, 201 (2d Cir. 2010). We reversed the district court's finding that Korb was not timely served. *Id.* at 203-04. As the case was transferred to Connecticut on convenience grounds, we concluded that pursuant to 28 U.S.C. § 1404(a), the governing law of New York, as the transferor court, should have been applied so long as jurisdiction in New York would have been proper. *Id.* at 205. We remanded back to the district court to determine whether personal jurisdiction over Korb existed in New York. *Id*. at 207.

On December 3, 2010, the district court again dismissed the complaint against Korb, finding New York lacked personal jurisdiction over Korb. On March 28, 2011 the district court denied the Gerena's motion for reconsideration under Fed. R. Civ. P. 60(b). Plaintiffs argue the district court erred in not finding that they made a prima facie showing of sufficient contacts with New York to support long-arm jurisdiction, and in denying them discovery on the issue of jurisdiction. We disagree.

New York's long-arm statute permits the exercise of personal jurisdiction over a non-domiciliary who "commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the

state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce." CPLR § 302(a)(3). It is well-settled in New York that the original injury generally must occur in New York. *See DiStefano v. Carozzi North Am., Inc.*, 286 F.3d 81, 85 (2d Cir. 2001); *Hermann v. Sharon Hosp., Inc.*, 135 A.D.2d 682, 683 (2d Dept. 1987) ("The situs of injury is the location of the original event which caused the injury, not the location where the resultant damages are subsequently felt by the plaintiff.").

The district court correctly determined that because it was undisputed that the original injury – the assault – occurred in Connecticut, New York law did not permit the exercise of long-arm jurisdiction. At oral argument, counsel conceded that the injury to Constance Gerena, to the extent it differed from and was not derivative of Alexandra Gerena's injury, also occurred in Connecticut. It simply does not matter what other contacts Korb has with New York - in the absence of the original injury occurring in New York, jurisdiction does not exist. Connecticut law thus applies, and bars plaintiffs' claims. *Gerena*, 617 F.3d at 205 ("f jurisdiction was not proper in New York, then the district court correctly applied Connecticut choice of law and Connecticut procedure"). Further, there is no indication in the record that plaintiffs ever sought discovery – either by serving defendants with interrogatories or a subpoena, or by moving the district court for permission to take discovery before personal jurisdiction was briefed. Plaintiffs cannot complain about not receiving what they did not request in the first instance.

We have examined the remainder of plaintiffs' arguments and find them to be without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3