■ JOST H. HERMANN, Appellant, v SHARON HOSPITAL, INC., Respondent, et al., Defendants.—In a medical malpractice action, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Dutchess County (Benson, J.), entered January 15, 1987, as granted the motion of the defendant Sharon Hospital, Inc., to dismiss the complaint insofar as it is asserted against it for lack of personal jurisdiction.

Ordered that the order is affirmed insofar as appealed from, with costs.

In July 1982 the plaintiff, a resident of Queens County, sought treatment at the defendant Sharon Hospital, Inc., located in Connecticut. While being treated there, the plaintiff sustained injuries allegedly due to the negligence of the hospital staff and two treating physicians, Drs. John Curtis and William Bennett. The plaintiff sued the hospital, Dr. Curtis, and the estate of Dr. Bennett, who had died after the events at bar. The defendant Sharon Hospital, Inc., a nondomiciliary of this State, moved for an order dismissing the complaint as to it based on lack of personal jurisdiction *(see,* CPLR 302). In opposing the hospital's motion to dismiss, the plaintiff argued that personal jurisdiction over the hospital had been obtained pursuant to CPLR 302 (a) (1), in that the hospital had transacted business within New York State, and/ or pursuant to CPLR 302 (a) (3), in that the hospital had committed a tortious act outside New York which caused injury to the plaintiff inside the State. (The hospital also moved for a protective order with respect to certain demands by the plaintiff for discovery of further information to support his claim of jurisdiction which motion was denied as moot.)

The Supreme Court properly found that CPLR 302 (a) (3) is inapplicable here, since the alleged injury occurred in Connecticut. The situs of the injury is the location of the original event which caused the injury, not the location where the resultant damages are subsequently felt by the plaintiff *(see, McGowan v Smith,* 52 NY2d 268, 273-274; *Kramer v Hotel Los Monteros,* 57 AD2d 756, *lv denied* 43 NY2d 649).

We also find that the plaintiff failed to establish a basis for jurisdiction pursuant to CPLR 302 (a) (1), to wit, that the hospital "transacts * * * business" within New York State. The hospital maintains no offices in New York, and it is licensed and conducts its health-care activities solely in the State of Connecticut. The fact that some of the defendant hospital's physicians are licensed to practice in both New York and Connecticut and that a sizeable portion of its patients reside in New York is due to the hospital's close geographical proximity to New York, and not to any significant purported activities by the hospital in New York State. In any event, the plaintiff has not set forth any evidence to show that his treatment at the hospital arose out of any transaction of business by the hospital in New York State *(see,* CPLR 302 [a]; *McGowan v Smith, supra,* at 272; *Gelfand v Tanner Motor Tours,* 339 F2d 317, 321-323). Therefore, the plaintiff should not be given the opportunity to conduct discov-

ery with respect to the issue of jurisdiction under CPLR 302 (a) (1) *(see,* CPLR 3211 [d]).

Finally, the plaintiff contends, for the first time on appeal, that the court has jurisdiction pursuant to CPLR 301 on the basis that the hospital "does * * * business" in New York *(see,* CPLR 302 [a] [3] [i]). We decline to reach this issue, however, since the defendant Sharon Hospital. Inc., might have been able to offer proof to refute or overcome that theory had it been presented before the Supreme Court, Dutchess County *(see, Orellano v Samples Tire Equip. & Supply Corp.,* 110 AD2d 757, 758; *Rentways, Inc. v O'Neill Milk & Cream Co.,* 308 NY 342, 349). Mangano, J. P., Lawrence, Weinstein and Rubin, JJ., concur.