Pino DiSTEFANO, Plaintiff–Appellant,

v.

CAROZZI NORTH AMERICA, INC., Defendant–Appellee.

Docket No. 00–7239.

United States Court of Appeals, Second Circuit.

Argued Sept. 12, 2000.

Decided Oct. 18, 2001.

Daniel A. Eigerman, New York, NY, for Appellant.

Jack A. Gordon, Kent, Beatty & Gordon, LLP, New York, NY (Thomas S. Brown, Rodio & Brown, Ltd., Providence, RI, Of Counsel), for Appellee.

Before: FEINBERG, CABRANES, and F.I. PARKER, Circuit Judges.

PER CURIAM.

Plaintiff–Appellant Pino DiStefano appeals from the judgment of the United States District Court for the Eastern District of New York (Sterling Johnson, Jr., *Judge*) entered on February 8, 2000 upon a February 4, 2000 memorandum and order granting Defendant–Appellee Carozzi North America, Inc.'s ("Carozzi") motion to dismiss for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2). We ex-

ercise jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We conclude that, because DiStefano alleges that his employment occurred in New York, New York should be considered the "situs of injury," and thus New York has jurisdiction over his complaint pursuant to N.Y. C.P.L.R. § 302(a)(3). We therefore vacate the judgment of the district court and remand for further proceedings.

## I. BACKGROUND

DiStefano is a citizen of New York. Carozzi, a Delaware corporation, has its principal place of business in Rhode Island. DiStefano alleges that: he was hired by Carozzi effective January 1, 1997, as its vice president for marketing and sales, chiefly responsible for increasing Carozzi's sales of imported pasta; throughout the duration of his employment, he performed his duties from his office on Staten Island in New York City, where he resides; due to his efforts, Carozzi's position was established and solidified in various markets, to the degree that its sales increased by 19 percent and its customer base by 40 percent; and his employment was unlawfully terminated on or about August 12, 1997 on account of his Italian origin. DiStefano further alleges that Carozzi's majority shareholders, who are Chilean, terminated his employment in the belief that he would favor Carozzi's minority shareholders, who are Italian.

On November 16, 1998, DiStefano filed a diversity action in the district court, alleging that, due to Carozzi's allegedly unlawful termination of his employment, it was liable to DiStefano for back pay, medical insurance coverage, and punitive damages pursuant to N.Y. Exec. Law § 296(a) and N.Y. City Admin. Code § 8–107.1(a), and

for the value of his efforts in increasing Carozzi's profits according to the doctrine of quantum meruit.

The district court found that DiStefano's employment was terminated at a meeting held in New Jersey, and that Carozzi has very few contacts with New York. For example, Carozzi's only office is located in Rhode Island; it has no property or assets in New York; all of its employees except DiStefano lived and worked in Rhode Island; and DiStefano's entire support staff was located in Rhode Island. It is undisputed, however, that DiStefano carried out his duties from his New York office, and that he continued to reside in New York after his employment was terminated.

On June 6, 1999, Carozzi moved to dismiss pursuant to Fed.R.Civ.P. 12(b)(2). The parties filed memoranda and affidavits pertaining to the motion. The district court granted the motion, concluding that DiStefano "fail[ed] to establish that [Carozzi] had sufficient minimum contacts with New York ... as required under N.Y.C.P.L.R. § 301 and § 302." *DiStefano v. Carozzi N. Am., Inc.*, No. 98–7137, slip op. at 3–4 (E.D.N.Y. Jan. 24, 2000). With regard to jurisdiction under § 302(a)(3),[1] which provides that tortious acts outside New York that injure persons or property inside New York are a basis for personal jurisdiction, the district court concluded that DiStefano had not established a prima facie showing of injury within New York. The court concluded that application of the so-called "situs-of-injury" test revealed that the original event that caused injury to DiStefano, "as distinguished from both the initial tort and its resultant economic injury and felt con-

---

1. No other provisions of New York's long-arm statute are at issue in the instant appeal. *See* *infra* at n. 2.

sequences[,] ... was a tortious act that occurred outside New York." *Id.* at 7.

## II. DISCUSSION

On appeal, DiStefano argues that the district court erred by dismissing his complaint on the basis of its conclusion that he had not made a prima facie showing of an "injury to person ... within the state" required to establish personal jurisdiction over Carozzi, a non-domiciliary, under N.Y. C.P.L.R. § 302(a)(3).[2]

We review de novo a Rule 12(b)(2) dismissal for lack of personal jurisdiction. *CutCo Indus., Inc. v. Naughton,* 806 F.2d 361, 365 (2d Cir.1986). "When responding to a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that the court has jurisdiction over the defendant." *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez,* 171 F.3d 779, 784 (2d Cir.1999).

Where, as here, a court relies on pleadings and affidavits, rather than conducting a "full-blown evidentiary hearing," the plaintiff need only make a prima facie showing that the court possesses personal jurisdiction over the defendant. *Id.* (quoting *Marine Midland Bank, N.A. v. Miller,* 664 F.2d 899, 904 (2d Cir.1981)). We construe the pleadings and affidavits in the light most favorable to DiStefano, resolving all doubts in his favor. *CutCo,* 806 F.2d at 365.

In diversity cases arising in this Circuit, personal jurisdiction is determined by the law of the state in which the district court sits, which in this case is New York. *Volkswagenwerk Aktiengesellschaft v. Beech Aircraft Corp.,* 751 F.2d 117, 120 (2d Cir.1984) (citing *Arrowsmith v. U.P.I.,* 320 F.2d 219 (2d Cir.1963)).

Under New York law, a court may exercise personal jurisdiction over any non-domiciliary who, *inter alia,* in person or through an agent

> commits a tortious act without the state *causing injury to person or property within the state,* ... if [it]
>
> (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
>
> (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce....

N.Y. C.P.L.R. § 302(a)(3) (emphasis added).

Courts determining whether there is injury in New York sufficient to warrant § 302(a)(3) jurisdiction must generally apply a "situs-of-injury test, which asks them to locate the 'original event which caused the injury.'" *Bank Brussels Lambert,* 171 F.3d at 791 (quoting *Hermann v. Sharon Hosp., Inc.,* 135 A.D.2d 682, 522 N.Y.S.2d 581 (2d Dep't 1987)). "This 'original event' is, however, generally distinguished not only from the initial tort but from the final economic injury and the felt consequences of the tort." *Id.* We have previously held in applying N.Y. C.P.L.R. § 302(a)(3) that the "original event" occurs "where the first effect of the

---

**2.** Although the district court held (and Carozzi argues in its brief) that personal jurisdiction does not exist under several other provisions of New York's long-arm jurisdiction statutes, i.e., N.Y. C.P.L.R. §§ 301, 302(a)(1), and 302(a)(2), DiStefano explicitly states that he does not appeal these holdings.

In addition, although DiStefano's brief includes an argument that employment discrimination claims brought under New York law constitute torts for purposes of § 302, Carozzi explicitly states that it does not argue here that the district court erred in making such an assumption.

tort ... that ultimately produced the final economic injury" is located. *Id.* at 792.

■ In applying the "situs-of-injury" test to this case, the district court erred in its identification of the "original event." The district court held that "[t]he original event that caused plaintiff's injury could be construed as either the plaintiff's termination (which occurred in New Jersey) or the stockholders' bias," on which the record is silent as to location or relationship to New York. *DiStefano*, No. 98–7137, slip op. at 7. These two acts, more accurately described as the execution of the decision to terminate DiStefano and the making of the decision itself, constitute the "tortious act without the state" contemplated by the statute, and not the "original event which caused the injury" to DiStefano.

■ Rather, the "original event" is DiStefano's experience of being removed from his job. Due to the nature of the relationship between DiStefano and Carozzi, in which DiStefano performed his employment duties in New York, DiStefano experienced the "first effect" of losing his job in New York, even though he was fired in New Jersey. Indeed, when a person is employed in New York (or performs a substantial part of the duties of his or her employment in New York), his or her removal from that employment (or from those duties) is a New York event that constitutes "the first effect of the tort" of discharging the employee. *Bank Brussels Lambert*, 171 F.3d at 792. Therefore, we hold that such a removal constitutes an "original event" occurring in New York which, together with DiStefano's in-state injury, satisfies the requirements of § 302(a)(3).

In defending the district court's decision, Carozzi relies primarily on our decision in *Mareno v. Rowe*, 910 F.2d 1043 (2d Cir.1990). There, the plaintiff, who was a resident of New York, worked for the defendant at a facility in New Jersey. *Id.* at 1045, 1046. After the defendant discharged the plaintiff, the plaintiff brought suit under, *inter alia*, 42 U.S.C. §§ 1981 *et seq.* for wrongful termination. *Id.* at 1045. In asserting that jurisdiction existed under § 302(a)(3), the plaintiff argued "that he was injured within [New York] by virtue of the fact that he ... suffered financial loss in New York." *Id.* at 1046. This Court rejected that argument, noting that "an injury ... does not occur within the state simply because the plaintiff is a resident," *id.*, and held that "despite the fact that [the plaintiff] may suffer the economic consequences of his firing in New York, the location of the original event which caused the injury is New Jersey." *Id.* Carozzi's reliance on *Mareno* is misdirected. Our holding in *Mareno* that mere residence in New York is insufficient to establish personal jurisdiction over a nondomiciliary defendant under § 302(a)(3) does not dictate the result here, where more than mere residence is alleged. If anything, *Mareno* supports our conclusion today because in that case, as in this one, the "original event" was held to have occurred where the employment was located. *Id.*

In sum, we hold that since DiStefano's employment took place in New York, the "original event which caused the injury" occurred in New York. Therefore, New York constitutes the "situs of injury" for § 302(a)(3) purposes in this case. For this reason, and because Carozzi does not contest that DiStefano has made a prima facie showing of the remaining elements under either subsections (i) or (ii) of § 302(a)(3), we vacate the judgment of the district court and remand for further proceedings, including the requisite constitutional inquiry. *See Savin v. Ranier*, 898 F.2d 304, 306 (2d Cir.1990) ("If jurisdiction is appropriate under the relevant [long-arm] statute, the court must then decide whether exer-

cise of jurisdiction comports with due process.") (citing *Arrowsmith*, 320 F.2d at 223).

### III. CONCLUSION

For the reasons set forth above, the judgment of the district court dismissing DiStefano's complaint is vacated. Accordingly, the case is remanded to the district court for further proceedings.