**M & M PACKAGING, INC., Plaintiff–Appellant,**

v.

**Patrick J. KOLE, Wayne Allen, Robert Wilkins, Richard Watt, Richard Mita, Ronald Olsen, Randy Bauscher, Brad Foster, Wes Wooten, Doug Gross, Ronald Buatte and John Does 1–10, Defendants–Appellees.**

No. 05–4510–cv.

United States Court of Appeals, Second Circuit.

June 1, 2006.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. GUIDO CALABRESI and Hon. ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant M & M Packaging, Inc. ("M & M") brought 42 U.S.C. § 1983 and state law claims in the United States District Court for the Southern District of New York against Defendants–Appellees, who are past and present members of the Idaho Potato Commission ("IPC") and the IPC's former president, Patrick J. Kole. The IPC, a state agency, administers a licensing scheme to ensure that all potatoes grown in Idaho—and only potatoes grown in Idaho—are sold at the wholesale level bearing one or more of three certification marks registered with the U.S. Patent and Trademark Office on behalf of the state. M & M alleged that, by not granting M & M's application to use the certification marks, and (in the case of Kole) by ordering an IPC licensee to stop packing potatoes for M & M in bags containing the marks, Defendants–Appellees, acting under color of state law, violated M & M's right under the Lanham Act to use the marks on conforming goods.[1] *See* 15 U.S.C. § 1064(5)(D). Defendants–Appellees moved to dismiss on a number of grounds, including lack of personal jurisdiction. *See* Fed.R.Civ.P. 12(b)(2). The district court granted the motion to dismiss for lack of personal jurisdiction, and M & M appeals.

We assume the parties' familiarity with the facts, the procedural history, and the specific issues on appeal.

"In a federal question case where a defendant resides outside the forum state, a

J. Joseph Bainton, Bainton McCarthy, LLC, New York, NY, for Plaintiff–Appellant.

Michael S. Gilmore, Deputy Attorney General, Boise, ID, (David Zaslowsky, Baker & McKenzie, LLP, New York, N.Y., on the brief), for Defendants–Appellees.

1. This case represents only the latest chapter in a long-running conflict between M & M and the IPC. For more information, see *Idaho Potato Comm'n v. M & M Produce Farm & Sales,* 335 F.3d 130 (2d Cir.2003).

federal court applies the forum state's personal jurisdiction rules if the federal statute does not specifically provide for national service of process." *PDK Labs, Inc. v. Friedlander,* 103 F.3d 1105, 1108 (2d Cir. 1997) (internal quotation marks omitted). The plaintiff bears the burden of establishing that the court has personal jurisdiction over the defendants. *DiStefano v. Carozzi N. Am., Inc.,* 286 F.3d 81, 84 (2d Cir.2001). But where, as here, discovery has not begun, a plaintiff need only allege facts constituting a *prima facie* showing of personal jurisdiction to survive a Rule 12(b)(2) motion. *PDK Labs, Inc.,* 103 F.3d at 1108.

M & M failed to allege such facts. Under New York's long arm statute, courts may exercise personal jurisdiction over a non-domiciliary who commits a tortious act outside the state that causes injury inside the state if he or she:

> (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

N.Y. C.P.L.R. 302(a)(3) (McKinney 2006). Before us, M & M rests its claim to personal jurisdiction entirely on C.P.L.R. 302(a)(3)(ii). But nowhere in its submissions to the district court did M & M allege that Defendants–Appellees derive substantial revenue from interstate or international commerce. *See* Am. Compl.; Mem. of Law in Opp'n to Defs.' Mot. to Dismiss Pursuant to Fed.R.Civ.P. 12. Dismissal was therefore proper.

Accordingly, we AFFIRM the judgment of the district court.