**MUSKET CORPORATION, Plaintiff,**

v.

**PDVSA PETROLEO, S.A. et al., Defendants.**

**No. 06 Civ. 15522(VM).**

United States District Court, S.D. New York.

Sept. 18, 2009.

John J. Reilly, Squire, Sanders & Dempsey, L.L.P., New York, NY, for Plaintiff.

Justin Matthew Heilig, Keith Bruce Dalen, Hill, Rivkins & Hayden LLP, New York, NY, for Defendants.

### *DECISION AND ORDER*

VICTOR MARRERO, District Judge.

On September 3, 2009, Defendant Intrakam, S.A. de C.V. ("Intrakam") submitted a letter to the Court seeking to file a motion to dismiss based on lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). The Court directed Plaintiff Musket Corporation ("Musket") to respond, showing cause why the action against Intrakam should not be dismissed. In response, Musket submitted a letter to the Court dated September 15, 2009.[1]

The Court's exercise of personal jurisdiction in this matter turns on circumstances surrounding the sale and purchase of diesel oil. Specifically, Intrakam indicates that jurisdictional discovery provided no confirmation of Intrakam's partic-

---

**1.** The Court treats the letters dated September 3, 2009 and September 15, 2009 as Intra-kam's motion to dismiss for lack of personal jurisdiction and Musket's opposition.

ipation in any contract negotiation teleconferences with General Oil Co. ("General Oil"), a broker located in New York. Further, Intrakam states that the deposition of General Oil's witness revealed no direct contact between Intrakam and General Oil. It is Intrakam's position that even if an Intrakam representative participated in one of the teleconferences with General Oil, Intrakam did not participate in the teleconference for the purpose of conducting business in New York. Musket, however, maintains that Intrakam participated in five to ten teleconferences with General Oil and the other parties to the diesel transaction. According to Musket, negotiation of the contract, with Intrakam's participation by means of the telephone conferences, took place partially in New York, through General Oil.

Upon review of the submissions, the Court finds it may properly exercise personal jurisdiction over Intrakam. Under CPLR § 302(a)(1), "a court may exercise personal jurisdiction over any non-domiciliary [defendant]" if that defendant "transacts any business within the state or contracts anywhere to supply goods or services in the state." N.Y. C.P.L.R. § 302(a)(1) (2006). The statute authorizes personal jurisdiction over a non-domiciliary only when the "cause of action aris[es] from" the "[a]cts which are the basis of jurisdiction." § 302(a).

Intrakam's actions in New York fall within the reach of the long-arm statute. New York courts have found personal jurisdiction when sophisticated commercial actors use electronic means to project themselves into New York to negotiate business transactions. *See Deutsche Bank Secs., Inc. v. Montana Bd. of Invs.*, 7 N.Y.3d 65, 818 N.Y.S.2d 164, 850 N.E.2d 1140, 1143 (2006) (exercising jurisdiction over Montana defendant who pursued negotiation for a bond transaction with a New York corporation).

Musket alleges that General Oil worked on behalf of Intrakam to facilitate the transaction, and though Intrakam disagrees with Musket with respect to Intrakam's level of involvement with General Oil, this disagreement raises a factual dispute that the Court should not resolve at this stage of the litigation, especially considering that the parties' jurisdictional controversy continues even after the Court permitted limited discovery addressed to that issue, and that the Court must "construe the pleadings and affidavits in the light most favorable to [the Plaintiff], resolving all doubts in his favor." *DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84 (2d Cir.2001). Resolving the factual doubts in Musket's favor, the Court finds that the exercise of personal jurisdiction over Intrakam is proper. Accordingly, it is hereby

ORDERED that the motion of Intrakam to dismiss the complaint is DENIED.

**SO ORDERED.**