08-2721-cv
Stengel v. Black

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of March, two thousand ten.

PRESENT:
> ROBERT D. SACK,
> ROBERT A. KATZMANN,
> > *Circuit Judges,*
> RICHARD J. SULLIVAN,*
> > *District Judge.*

_____

Isaac Stengel,

_____*Plaintiff-Appellant,*

v.                                              08-2721-cv

Bradford Black,

*Defendant-Appellee.*

_____

FOR APPELLANT:         (Alex Colgan - argued by); Isaac Stengel, *pro*

---

* Richard J. Sullivan, of the United States District Court for the Southern District of New York, sitting by designation.

*se*, New York, NY.

FOR APPELLEE:        Ambrose Richardson, Solomon Blum Heymann & Stich LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Daniels, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Isaac Stengel, *pro se*, appeals from the judgment of the United States District Court for the Southern District of New York (Daniels, *J.*), dismissing his complaint alleging replevin and due process claims.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, *see Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002), and Rule 12(b)(2), *see DiStefano v. Carozzi North America, Inc.*, 286 F.3d 81, 84 (2d Cir. 2001).  Similarly, in reviewing a district court's dismissal of a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), we review factual findings for clear error and legal conclusions *de novo*, accepting all material facts alleged in the complaint as true and drawing all reasonable inferences in the plaintiff's favor.  *See*

2

*Morrison v. National Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008).

Here, our independent review of the record and relevant case law reveals that Appellant's complaint was properly dismissed. First, with respect to Appellant's due process claim, lower federal courts lack subject matter jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (explaining the *Rooker-Feldman* doctrine). Appellant's complaint satisfies all of the criteria for application of the *Rooker-Feldman* doctrine, in that: (1) he lost in an Ohio state court action; (2) he complains that he was injured by the Ohio state court judgment; (3) he has invited review and rejection of that judgment, arguing in his complaint that it was erroneous, and on appeal explicitly calling for it to be vacated; and (4) the Ohio judgment was entered before the commencement of the instant proceedings. Accordingly, Appellant's due process claim was properly dismissed. *See ACEquip Ltd. v. Am. Eng'g Corp.*, 315 F.3d 151, 155 (2d Cir. 2003) ("Our court may . . . affirm the district court's judgment on any ground appearing in the record, even if the ground is different from the one relied on by the district court."). Furthermore, as the due process claim was the only alleged basis for federal

3

subject matter jurisdiction, it was proper for the district court to decline to exercise supplemental jurisdiction over Appellant's replevin claim arising under state law. *See* 28 U.S.C. § 1367(c)(3); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.").

For the foregoing reasons, the order of the district court is hereby **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk