SEA TOW SERVICES INTERNATIONAL, INC., Plaintiff,

v.

ST. PAUL FIRE & MARINE INSURANCE COMPANY, a Minnesota Corporation, Houck Anderson, P.A. and Andrew W. Anderson, Defendants.

No. 09–cv–5016 (ADS)(WDW).

United States District Court, E.D. New York.

April 28, 2011.

Altman & Company P.C., by Steven Altman, Esq., of Counsel, New York, NY, Law Offices of Erik B. Zarkowsky, Esq., by Erik B. Zarkowsky, Esq., of Counsel, Stein Law, P.C., by Mitchell A. Stein, Esq., of Counsel, Northport, NY, for the plaintiff.

Lazare Potter Giacovas & Kranjac LLP, by Jeremy M. Sokop, Esq., of Counsel, New York, NY, for the defendant St. Paul Fire & Marine Insurance Company.

Abrams Garfinkel Margolis Bergson, LLP, by Robert J. Bergson, Esq., Andrew William Gefell, Esq., of Counsel, New York, NY, for the defendants Houck Anderson, P.A. and Andrew Anderson.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

In 2008, an individual named Juan Daniel Fernandez sued the plaintiff Sea Tow Services International, Inc. ("Sea Tow In-

ternational") in Florida state court for an injury allegedly sustained in the course of his work. The present case arises out of that litigation, but does not directly involve Fernandez. Rather, it concerns a disagreement between Sea Tow International and (1) its litigation insurance carrier, the defendant St. Paul Fire and Marine Insurance Company ("St. Paul Fire"), and (2) Sea Tow International's defense counsel in the Florida lawsuit, the defendants Houck Anderson, P.A. and Andrew Anderson, Esq. (together, the "Anderson Defendants"). The Anderson Defendants now move to dismiss the plaintiff's claims against them pursuant to Fed.R.Civ.P. 12(b)(2) for lack of personal jurisdiction. For the reasons that follow, the Court grants the Anderson Defendants' motion.

## I. BACKGROUND

The plaintiff Sea Tow International is a New York-based franchisor of companies that provide various services to boaters, including towing of disabled watercraft. One of Sea Tow International's franchisees is a Florida corporation named Triplecheck, Inc., which does business as "Sea Tow Miami". On April 15, 2006, a Sea Tow Miami employee named Juan Daniel Fernandez allegedly sustained serious injuries when he was struck in the face with towing equipment while aboard a Sea Tow Miami vessel. A month after the incident, Fernandez filed suit in Florida State Court against Sea Tow Miami, and then in March 2008 and July 2008, he amended his action to also assert claims against Sea Tow International.

Both Sea Tow Miami and Sea Tow International had insurance policies in place when Fernandez was hurt, and their respective insurance carriers appointed attorneys to defend them in the Florida action. Initially, there was some disagreement about whether counsel for Sea Tow Miami should also represent Sea Tow International in the Florida Court. However, Sea Tow International's insurance carrier, St. Paul Fire, ultimately retained Florida attorney Andrew W. Anderson and his firm, Houck Anderson, P.A., to serve as Florida counsel for Sea Tow International.

The plaintiff asserts that, as attorneys for Sea Tow International, the Anderson Defendants allegedly were loyal not to Sea Tow International, but to St. Paul Fire. In particular, the plaintiff alleges that, although it instructed Andrew Anderson that it would only accept a settlement that resolved all claims against both Sea Tow parties, Anderson nevertheless placed St. Paul Fire's interests first and negotiated for a settlement that released only Sea Tow International. This disagreement between Sea Tow International and the defendants ultimately resulted in the Anderson Defendants' withdrawal as counsel in the Florida case on November 5, 2008. On December 2, 2008, after negotiations between the parties that did not involve Anderson, the Florida court approved a settlement of the case that released all claims against both Sea Tow International and Sea Tow Miami.

On November 13, 2009, just under a year after the Florida action settled, Sea Tow International commenced the present case against St. Paul Fire and the Anderson Defendants, based on their alleged conduct during the pendency of the Florida litigation. Against St. Paul Fire, the plaintiff asserts causes of action for (1) breach of contract, (2) unfair business practices, and (3) tortious interference with contract. In general, the plaintiff asserts that St. Paul Fire failed to honor its insurance contract with the plaintiff, and otherwise interfered with the plaintiff's franchise agreement with Sea Tow Miami. In addition, the plaintiff alleges

against the Anderson Defendants causes of action for (1) professional malpractice, and (2) defamation. The plaintiff's professional malpractice claim is based primarily on the Anderson Defendants' alleged failure to follow the plaintiff's instructions in negotiating a settlement of the Florida litigation. The defamation claim is based on negative statements that Andrew Anderson made by email about the plaintiff's attorney, Michael Stein. The plaintiff also asserts that the defendants each conspired with one another to commit all of these alleged misdeeds.

St. Paul Fire has answered the plaintiff's complaint, which has now been amended twice. However, on October 13, 2010, the Anderson Defendants moved to dismiss the causes of action against them for lack of personal jurisdiction, pursuant to Rule 12(b)(2). The motion is unopposed.

## II. DISCUSSION

### A. Standard on a Motion to Dismiss for Lack of Personal Jurisdiction

The plaintiff has the burden of showing personal jurisdiction to defeat a Rule 12(b)(2) motion to dismiss. *DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84 (2d Cir.2001) (quoting *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir.1999)). However, in responding to a pre-discovery motion to dismiss, the plaintiff need only make a prima facie showing of personal jurisdiction to meet this burden. *Id.* While the Court must generally accept well-pleaded allegations of fact as true when evaluating the plaintiff's prima facie case, the Court may also, in its discretion, consider evidence outside of the pleadings in resolving the motion. *See, e.g., Sandoval v. Abaco Club on Winding Bay*, 507 F.Supp.2d 312, 315 (S.D.N.Y.2007). Where, as here, a plaintiff declines to re-

spond to a Rule 12(b)(2) motion to dismiss and therefore does not address its burden to show personal jurisdiction, the Court nevertheless will review the merits of the defendant's motion to dismiss. *See Moscato v. MDM Group, Inc.*, No. 05–cv–10313, 2008 WL 2971674, *1, n. 1 (S.D.N.Y. Jul. 31, 2008).

The Court analyzes its personal jurisdiction over a party by first considering whether personal jurisdiction lies pursuant to any of the provisions of New York's long-arm statute, C.P.L.R. §§ 301 and 302. *See National Union Fire Ins. Co. of Pittsburgh, PA. v. BP Amoco P.L.C.*, 319 F.Supp.2d 352, 357 (S.D.N.Y.2004) (citing *Omni Capital Int'l Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 105, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987)). If this inquiry is satisfied, the Court would analyze whether personal jurisdiction comports with the basic requirements of due process. *Id.*

### B. The Plaintiff's Allegations of Personal Jurisdiction and the Anderson Defendants' Response

The plaintiff's complaint contains two paragraphs that allege the basis for the Court's personal jurisdiction over the Anderson Defendants. Those paragraphs read:

8. Upon information and belief, this Court has personal jurisdiction over defendant [Houck Anderson, P.A.] in that, inter alia,

[1a] [Houck Anderson, P.A.] has and continues to transact business in New York, including engaging in representation of client(s) in the State of New York, including the plaintiff herein in the Fernandez Case, and

[1b] regularly does or solicits business, or derives substantial revenue from services rendered in the State of New York, and expects or should reasonably

expect the act(s) to have consequences in the State of New York, and derives substantial revenue from interstate or international commerce.

■ In the alternative or addition, jurisdiction is established by [Houck Anderson, P.A.]'s commission of malpractice and other wrongs as alleged herein, in connection with its representation of the plaintiff in the Fernandez Case, causing injury to plaintiff in the State of New York.

■ In the further alternative or addition, jurisdiction is established by HA's having acted as an accomplice/leader/agent of St. Paul in the wrongs complained of.

9. Upon information and belief, this Court has personal jurisdiction over defendant [Andrew Anderson] in that, inter alia, [Andrew Anderson] is the principal of [Houck Anderson, P.A.] who provided representation and committed the wrongs complained of, and upon the bases as set forth in paragraph 8 which are incorporated herein by reference.

(2d Am. Compl., ¶¶ 8–9 (some paragraphing added).)

The Anderson Defendants generally deny these allegations, and in addition, Andrew Anderson has submitted an unopposed affidavit attesting that:

- Houck Anderson, P.A. "has offices exclusively in Florida." (Anderson Decl., ¶ 3.)
- Houck Anderson, P.A. "does not own or lease real property in New York, maintain offices or bank accounts in New York, employ individuals in New York, or solicit business in New York for the purpose of providing legal or other services in New York." (*Id.*, ¶ 4.)
- Andrew Anderson has "never resided in New York, owned or leased real property in New York, maintained

bank accounts in New York, or solicited business in New York for the purpose of providing legal or other services in New York." (*Id.*)

- "With the exception of one deposition that occurred in New York, all actions and events allegedly giving rise to the instant action occurred in Florida...." (*Id.*, ¶ 6.)

In deciding the present motion, the Court must analyze whether the plaintiff's allegations, taken in light of Andrew Anderson's unopposed affidavit, are sufficient to establish personal jurisdiction over the Anderson Defendants based on either C.P.L.R. §§ 301 or 302. Only if one or more of these provisions is satisfied must the Court consider the requirements of due process.

## C. Bases for Long Arm Jurisdiction in New York

The first of New York's two long arm statutes, Section 301, provides that "[a] court may exercise such jurisdiction over persons, property, or status as might have been exercised heretofore." This has been interpreted by New York courts generally to "permit[ ] a court to exercise jurisdiction over a foreign corporation on any cause of action if the defendant is engaged in such a continuous and systematic course of doing business here as to warrant a finding of its presence in this jurisdiction." *Landoil Resources Corp. v. Alexander & Alexander Services, Inc.*, 918 F.2d 1039, 1043 (2d Cir.1990) (internal quotations omitted).

As for Section 302, this statute provides in pertinent part:

(a) Acts which are the basis of jurisdiction. As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or

his executor or administrator, who in person or through an agent:

1.  transacts any business within the state or contracts anywhere to supply goods or services in the state; or

2.  commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or

3.  commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he

    (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or

    (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce....

The Court considers each of the relevant provisions in turn.

### D. As to the Sufficiency of the Plaintiff's Allegations of Personal Jurisdiction

#### 1. Section 301

The plaintiff does not appear to assert that the Court has personal jurisdiction over the Anderson Defendants under Section 301, which provides for personal jurisdiction over persons who "engaged in such a continuous and systematic course of doing business here as to warrant a finding of its presence in this jurisdiction". *Landoil Resources Corp.*, 918 F.2d at 1043. To the extent that the plaintiff would advance this theory, the Court concludes from its review of the complaint that there are no allegations of fact that show that the Anderson Defendants meet this description. The Court therefore finds that Section 301 does not provide a basis for the Court's exercise of personal jurisdiction over the Anderson Defendants.

#### 2. Section 302(a)(1)

■ The plaintiff does allege in its complaint that the Court has personal jurisdiction over the Anderson Defendants because the plaintiff's causes of action against the Anderson Defendants arose out of the Anderson Defendants' "transact[ion of] business within the state". Section 302(a)(1). In their motion to dismiss, the Anderson Defendants assert in response that, although the plaintiff is a New York person, the Anderson Defendants' representation of the plaintiff took place exclusively in Florida, with the exception of a single deposition held in New York. The Anderson Defendants thus conclude that the plaintiff's causes of action against them did not arise from business transacted in New York. The Court agrees.

The plaintiff alleges no specific acts that the Anderson Defendants did in New York during their representation of the plaintiff, and Andrew Anderson specifically denies taking any acts in New York except in connection with a single deposition. In general, the Second Circuit has held that the representation of a New York person in a venue outside of New York does not constitute doing business in New York, even if that litigation is directed by a client from within New York. *See Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779 (2d Cir.1999) (finding that a Puerto Rican law firm that represented an entity operating in New York in Puerto Rican court did not "transact business" in New York). Similarly, in the Court's view, a single deposition conducted in New York is not sufficient to support a finding that the plaintiff's causes of action arose out of

business that the Anderson Defendants transacted within the state. *See, e.g., Economic Studies, Inc. v. Comcoa, Inc.*, No. 92–cv–3290, 1993 WL 525902, \*\*3–4 (S.D.N.Y. Dec. 16, 1993) (declining to exercise Section 301(a)(1) personal jurisdiction over defendant attorney who was in New York only to take depositions that were unrelated to the substantive basis for the claims against the attorney). As all of the plaintiff's claims against the Anderson Defendants are premised on acts that took place in Florida, Section 301(a)(1) personal jurisdiction is not proper.

### 3. Section 302(a)(2)

■ Personal jurisdiction under Section 302(a)(2), which provides for jurisdiction over a person who "commits a tortious act within the state," fails for the same reason: the plaintiff's causes of action here do not arise out of any alleged acts taken by the Anderson Defendants in New York. Rather, all of the acts that underlie the plaintiff's allegations of wrongdoing took place in Florida.

The Court notes that the plaintiff asserts that the Court nevertheless has personal jurisdiction over the Anderson Defendants because they are co-conspirators of St. Paul Fire, and that the acts of St. Paul Fire within New York are thus imputable to the Anderson Defendants for purposes of personal jurisdiction. However, the Court has reviewed the plaintiff's complaint with respect to this assertion, and finds that the plaintiff has alleged no facts that support this conclusion. The Court therefore finds that personal jurisdiction pursuant to Section 302(a)(2) is not proper.

### 4. Section 302(a)(3)

Finally, Section 302(a)(3) provides for personal jurisdiction over a person who commits a tort outside of New York, the effects of which are felt within New York. However, for a court to exercise jurisdiction under this statute, one of two secondary requirements must also be met, both of which require that the Anderson Defendants do business or receive substantial income from outside of Florida.

■ Here, neither the primary nor the secondary requirements of Section 302(a)(3) are satisfied. The Anderson Defendants' alleged malpractice took place in the context of a Florida state court action, and regardless of the fact that the plaintiff is a New York person, any harm that allegedly derived from that malpractice thus occurred in Florida. *See Stair v. Calhoun*, No. 07–cv–03906, 2009 WL 792189, \*8 (E.D.N.Y. Mar. 23, 2009) (noting that, under New York's "situs-of-injury" test, the harm done to a person through mishandling a court case takes place in the venue of that litigation). As for the plaintiff's defamation claim, Section 302(a)(3) expressly excludes long arm personal jurisdiction based on defamation claims.

In addition, the plaintiff has alleged no facts that show that the plaintiff conducted any business or received substantial revenue from outside of Florida. The plaintiff has thus has also failed to satisfy the additional requirements of Section 302(a)(3)(i) or (ii). The Court therefore finds that personal jurisdiction under Section 302(a)(3) is improper.

### III. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that the Anderson Defendants' motion to dismiss for lack of personal jurisdiction is granted, and the plaintiff's claims against the Anderson Defendants are dismissed in their entirety without prejudice; and it is further

**ORDERED** that the Clerk of the Court is respectfully directed to amend the caption in this case to read:

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF NEW YORK**

SEA TOW SERVICES INTERNATIONAL, INC., Plaintiff,

-against-

ST. PAUL FIRE & MARINE INSURANCE COMPANY, a Minnesota Corporation, Defendant.

**SO ORDERED.**