Grundstein v. Eide

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of March, two thousand fifteen.

PRESENT:
> DENNIS JACOBS,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges,*
> GARY L. SHARPE,*
> *District Judge.*

───────────────────────────────

Robert Grundstein,

     *Plaintiff-Appellant*,

    v.                         14-2122

Linda Eide, et al.,

     *Defendants-Appellees*.

───────────────────────────────

FOR PLAINTIFF-APPELLANT:          Robert Grundstein, pro se,
                                    Morrisville, Vermont.

---

\* Chief Judge Gary L. Sharpe, of the United States District Court for the Northern District of New York, sitting by designation.

**FOR DEFENDANTS-APPELLEES:**                    Matthew S. Borick, Esq., Downs
                                                 Rachlin Martin PLLC, Burlington,
                                                 Vermont.

Appeal from a judgment of the United States District Court for the District of Vermont (Reiss, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Robert Grundstein, pro se, appeals from the judgment dismissing his complaint for lack of personal jurisdiction over defendants, all of them residents of Washington State. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review <u>de novo</u> the district court's dismissal of the complaint for lack of personal jurisdiction under Federal Rule of Civil Procedure Rule 12(b)(2). *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996). In ruling on a motion under Rule 12(b)(2), a district court "must determine whether there is jurisdiction over the defendant under the relevant forum state's laws." *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999). The plaintiff bears the burden of demonstrating that jurisdiction exists. *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994). However, in reviewing a dismissal for lack of personal jurisdiction, we construe all pleadings and affidavits in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84 (2d Cir. 2001) (per curiam), though we need not "accept as true a legal conclusion couched as a factual allegation," *In re Terrorist*

*Attacks on Sept. 11, 2001*, 714 F.3d 659, 673 (2d Cir. 2013) (internal quotation marks and citations omitted).

Plaintiff failed to demonstrate minimum contacts with Vermont sufficient to support personal jurisdiction over the defendants. Plaintiff contended that personal jurisdiction was proper under the "effects test" applied by the Supreme Court in *Calder v. Jones*. We agree with the district court's distinction of that authority: Grundstein failed to show that the defendants' conduct in this case was "calculated to cause injury" to him in Vermont. *See* 465 U.S. 783, 791 (1984).

Unlike certain cases on which Grundstein relies, the defendants in this case have not voluntarily subjected themselves to personal jurisdiction by filing an action to enforce a foreign judgment. Accordingly, we affirm for the reasons stated in the district court's thorough opinion and order.

We have considered all of Grundstein's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3