Richard **MEGNA**, Plaintiff,

v.

**BIOCOMP LABORATORIES INC. and Blanche D. Grube, DMD, IMD, Defendants.**

No. 16 Civ. 3845 VM.

United States District Court, S.D. New York.

Signed Aug. 12, 2016.

Craig B. Sanders, Sanders Law, PLLC, Garden City, NY, for Plaintiff.

Nolan Keith Klein, Law Offices of Nolan Klein, P.A., Fort Lauderdale, FL, for Defendants.

### DECISION AND ORDER

VICTOR MARRERO, District Judge.

Richard Megna ("Megna") brings this action against Biocomp Laboratories, Inc. ("Biocomp") and Blanche D. Grube, DMD, IMD ("Grube," together with Biocomp, "Defendants") for copyright infringement. ("Complaint," Dkt. No. 1.) Megna creates stock photography images and alleges ownership of the rights to these photographs, which he then licenses for use by online and print publications. (*Id.* at 1.) Megna claims that Defendants copied, stored, modified, and displayed one of Megna's photographs on the website known as www.shslab.com ("Website"). (*Id.* at 1–2.) Megna alleges the following causes of action: (1) copyright infringement pursuant to 17 U.S.C. Section 501 *et seq.;* (2) vicarious copyright infringement; (3) a permanent injunction pursuant to 17 U.S.C. Section 502; and (4) attorney's fees and costs pursuant to 17 U.S.C. Section

505. (*Id.* at 5–7.) Megna seeks: (1) statutory damages against Defendants pursuant to 17 U.S.C. Section 504(c) of up to $150,000 per infringement or, in the alternative, actual damages and disgorgement of Defendants' wrongful profits; (2) a permanent injunction; (3) attorney's fees pursuant to 17 U.S.C. Section 505; (4) costs; and (5) any other relief the Court deems just and proper. (*Id.* at 7.)

By letter dated July 19, 2016, Defendants requested a pre-motion conference regarding Defendants' anticipated motion to dismiss for lack of personal jurisdiction. ("July 19 Letter," Dkt. No. 13.) Defendants indicate that neither Biocomp nor Grube are residents of New York. (*Id.* at 1.) Regarding Megna's claim that Biocomp sells products to New York businesses and residents through the Website, Defendants argue that they do not transact sales on the Website because the testing kits they offer are free of charge. Furthermore, even if a website through which sales are not transacted could give rise to personal jurisdiction, Defendants contend that Megna cannot establish systematic and continuous contacts with New York. (*Id.* at 2.) Finally, even assuming personal jurisdiction exists over Biocomp, that jurisdiction does not extend over Grube solely because she is the owner of Biocomp. (*Id.* at 2–3.)

By undated letter filed July 27, 2016, Megna responds to Defendants' July 19 Letter. ("July 27 Letter," Dkt. No. 15.) Megna states that although Biocomp contends that the testing kits are free, upon submission of a testing sample, customers must pay for additional services or reports through the Website. (*Id.* at 1.) Therefore, Megna contends that the Website is interactive and transacts business. (*Id.* at 1–2.) Megna also requests that Grube be dismissed from the action. (*Id.* at 2.)

The Court now construes the correspondence described above as a motion ("Motion") by Defendants to dismiss the Complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure ("Rule 12(b)(2)"). For the reasons stated below, Defendants' Motion is GRANTED.

## I. *LEGAL STANDARD*

■■■ Upon motion, the Court is required to dismiss an action against any defendant over whom it lacks personal jurisdiction. *See* Fed.R.Civ.P. 12(b)(2). Upon such motion, the plaintiff "bears the burden of showing that the court has jurisdiction over the defendant." *In re Magnetic Audiotape Antitrust Litig.,* 334 F.3d 204, 206 (2d Cir.2003) (per curiam); *accord DiStefano v. Carozzi N. Am., Inc.,* 286 F.3d 81, 84 (2d Cir.2001); *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez,* 171 F.3d 779, 784 (2d Cir.1999). Where, as here, the court does not conduct an evidentiary hearing on the issue of personal jurisdiction, "the plaintiff need only make a prima facie showing that the court possesses personal jurisdiction over the defendant." *DiStefano,* 286 F.3d at 84 (*citing Bank Brussels Lambert,* 171 F.3d at 784). To make this showing, a plaintiff may demonstrate " 'through [its] own affidavits and supporting materials, containing [a] [good faith] averment of facts that, if credited . . ., would suffice to establish jurisdiction over the defendant.' " *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.,* 399 F.Supp.2d 325, 330 (S.D.N.Y.2005) (*quoting Whitaker v. Am. Telecasting, Inc.,* 261 F.3d 196, 208 (2d Cir.2001)). In deciding whether the plaintiff has met this burden, the pleadings and affidavits must be viewed in the light most favorable to the plaintiff, with all doubts resolved in its favor. *See, e.g., DiStefano,* 286 F.3d at 84; *Whitaker,* 261 F.3d at 208. "However, conclusory allegations are not enough to establish personal jurisdiction." *Gmurzynska v. Hutton,* 257 F.Supp.2d 621, 625 (S.D.N.Y.2003) (internal quotation marks

omitted), *aff'd*, 355 F.3d 206 (2d Cir.2004); *accord Yellow Page Solutions, Inc. v. Bell Atl. Yellow Pages Co.*, No. 00 Civ. 5663, 2001 WL 1468168, at *3 (S.D.N.Y. Nov. 19, 2001) ("The plaintiff cannot rely merely on conclusory statements or allegations ...; rather, the prima facie showing must be 'factually supported.'") (internal citations omitted).

## II. *DISCUSSION*[1]

■ "To determine personal jurisdiction over a non-domiciliary in a case involving a federal question, [courts] first apply the forum state's long-arm statute. If the long-arm statute permits personal jurisdiction, [courts] analyze whether personal jurisdiction comports with due process protections established under the Constitution." *Lewis v. Madej*, No. 15 Civ. 2676, 2015 WL 6442255, at *3 (S.D.N.Y. Oct. 23, 2015); *see also Royalty Network Inc. v. Dishant.com, LLC*, 638 F.Supp.2d 410, 417 (S.D.N.Y.2009) ("In a federal question case, a federal court applies the personal jurisdiction rules of the forum state unless the federal statute specifically provides for national service of process.... Because neither the Copyright Act nor the Lanham Act provides for nationwide service of process, the Court looks to New York law to determine whether it has personal jurisdiction over this non-domiciliary defendant.... If, 'but only if,' jurisdiction is found under New York law, the court must then determine 'whether asserting jurisdiction under that [law] would be compatible with requirements of due process established under the Fourteenth Amendment to the United States Constitution.'").

The Court will first consider whether under the circumstances this case presents, New York's long-arm statute, Civil Practice Law and Rules Section 302 ("Section 302"), permits the Court's exercise of personal jurisdiction.

### A. *NEW YORK'S LONG–ARM STATUTE—SECTION 302*

Under Section 302, there are three bases for personal jurisdiction, each addressed below in turn.

#### 1. *Section 302(a)(1)*

■ First, under Section 302(a)(1), "a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent transacts any business within the state or contracts anywhere to supply goods or services in the state." N.Y. C.P.L.R. § 302(a)(1). "[T]o determine the existence of jurisdiction under section 302(a)(1), a court must decide (1) whether the defendant transacts any business in New York and, if so, (2) whether this cause of action arises from such a business transaction.... To satisfy this test, this Court first looks to: (1) whether a defendant has transacted business in such a way that it constitutes purposeful activity; and (2) whether there is an articulable nexus, or a substantial relationship, between the claim asserted and the actions that occurred in New York. [P]urposeful activity ... [is] some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *DNT Enterprises, Inc. v. Tech. Sys.*, 333 Fed.Appx. 611, 613 (2d Cir.2009) (internal citations and quotation marks omitted); *see also Capitol Records, LLC v. VideoEgg, Inc.*, 611 F.Supp.2d 349, 357 (S.D.N.Y.2009) ("Under C.P.L.R. Section 302(a)(1), jurisdiction is proper over

---

1. Since Megna requests that Grube be dismissed from this action (Dkt. No. 15), the Court will focus its analysis on whether Megna has sufficiently alleged personal jurisdiction over Biocomp.

an out-of-state defendant who 'transacts any business within the state [of New York]' when the cause of action 'arises from' such acts. To determine if this standard has been met, courts look to the totality [of the] defendant's 'interactions with, and activities within, the state,' and their relation to the matter that gives rise to the law suit.").

■■■■■ To determine whether Biocomp transacts business in New York, the Court first looks to the Website. Regarding a website, "the mere availability of the site to users in New York, standing alone, does not amount to transacting business in the state for purposes of section 302(a)." *Royalty Network Inc.*, 638 F.Supp.2d at 418. Rather, the courts must place the website on a spectrum of interactivity. *Id.* In this case, the Website appears to fall somewhere between passive and interactive as Biocomp argues that it does not sell testing kits to users (*see* Dkt. No. 13 at 2), but Megna contends that users can request further services for a fee (*see* Dkt. No. 15 at 1). However, Megna does not demonstrate, nor does the Website indicate on its face, that customers can actually purchase those services through the Website; rather, the pricing is listed only for informational purposes. Therefore, since the Website falls in the middle of the spectrum between passive and interactive, the inquiry requires a closer evaluation of the Website's contact with New York residents to determine whether Biocomp engaged in purposeful activity here. *See Royalty Network Inc.*, 638 F.Supp.2d at 419 ("However, as other courts in this district have found, defendants' website is likewise not fully 'interactive' for jurisdictional purposes because it 'does not conduct *traditional* business over the internet' because 'it neither sells goods or services through its website nor charges membership fees to its registered users.' ... Instead, the website falls somewhere in the 'middle ground' and thus the jurisdictional

inquiry requires closer evaluation of its contact with New York residents.") (internal citations omitted).

Upon review, the Court finds that Megna has not demonstrated a sufficient connection between the Website and New York residents to constitute purposeful activity. First, mere availability of the Website to New York residents is insufficient. *See id.* at 418. Second, even if Biocomp did transact business with New York visitors through the Website, Megna provides no evidence that any New York residents actually engaged in any such transactions. Rather, Megna fails to distinguish in the Complaint between Biocomp commerce in New York and commerce in the United States and the world generally. *See, e.g., Scottevest, Inc. v. AyeGear Glasgow Ltd.*, No. 12 Civ. 851, 2012 WL 1372166, at *4 (S.D.N.Y. Apr. 17, 2012) (Even though the defendant operated an interactive website, the court held that "[t]he Complaint does not identify any transaction that was directed to New York. It does not meaningfully distinguish commerce in New York from commerce in the United States generally."); *Capitol Records, LLC*, 611 F.Supp.2d at 359 ("Much of Hi5's interaction with its New York users, however, lacks the traditional indicia of 'purposeful availment' because it is neither volitional nor distinguishable from its interaction with users located in any other jurisdiction."). Therefore, the Court finds that Megna has failed to make a sufficient showing that Biocomp has "transacted business in such a way that it constitutes purposeful activity[.]" *DNT Enterprises, Inc.*, 333 Fed.Appx. at 613 (internal quotation marks omitted); *see also Royalty Network Inc.*, 638 F.Supp.2d at 418 ("Purposeful availment—the 'overriding criterion' necessary to establish personal jurisdiction pursuant to C.P.L.R. section 302(a)(1)—requires more than 'random, fortuitous, or attenuated contacts.' ... Instead, '[p]ur-

poseful activities are those with which the defendant, through volitional acts, avails itself of the privilege of conducting activities within [New York], thus invoking the benefits and protections of its laws.'") (internal citations omitted).

Secondly, Megna has not alleged a sufficient nexus between the claim asserted and the alleged actions in New York.[2] The Complaint does not contain any allegations that specifically connect the use of the photograph with Biocomp's business activity. Therefore, the Court finds that Section 302(a)(1) does not provide a basis for personal jurisdiction over Biocomp.

### 2. *Section 302(a)(2)*

The Court now turns to Section 302(a)(2). Under Section 302(a)(2), a court may exercise personal jurisdiction over a non-domiciliary if the non-domiciliary "commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act." N.Y. C.P.L.R. § 302(a)(2). However, the defendant must actually be present in New York to be subject to personal jurisdiction under Section 302(a)(2). *See, e.g., 7 W. 57th St. Realty Co., LLC v. Citigroup, Inc.,* No. 13 Civ. 981, 2015 WL 1514539, at *7 (S.D.N.Y. Mar. 31, 2015) ("'[T]he New York Court of Appeals has interpreted [this] subsection to reach only tortious acts performed by a defendant who was physically present in New York when he committed the act.'"); *Elsevier, Inc. v. Grossman,* 77 F.Supp.3d 331, 345 (S.D.N.Y.2015) ("A 'defendant's physical presence in New York is a prerequisite to jurisdiction under § 302(a)(2).'"). Therefore, because Biocomp is not physically

present in New York, Section 302(a)(2) is not a basis for personal jurisdiction.

### 3. *Section 302(a)(3)*

Finally, the Court turns to Section 302(a)(3). Pursuant to Section 302(a)(3), a court may exercise personal jurisdiction over a non-domiciliary if the non-domiciliary "commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce." N.Y. C.P.L.R. § 302(a)(3).

The Complaint sufficiently alleges the first two requirements: (1) a tortious act committed outside the state with (2) injury occurring inside the state. First, Biocomp is located in Colorado and would have committed the alleged copyright infringement there. *See Chatwal Hotels & Resorts LLC v. Dollywood Co.,* 90 F.Supp.3d 97, 106 (S.D.N.Y.2015) ("'Where an internet site displays allegedly infringing marks, the tort is deemed to be committed where the website is created and/or maintained.'"). Secondly, the injury occurred in New York where Megna, the alleged owner of the copyrights, is a resident. *See Capitol Records, LLC,* 611 F.Supp.2d at 363 ("The alleged tort caused injury in New York because the tort of copyright infringement 'cause[s] injury in

---

**2.** Because the Court has found that Megna has not sufficiently shown that Biocomp transacts business in New York, it is not required to address the second prong of the Section 302(a)(1) inquiry as to whether the

cause of action arises from the business transaction. *See DNT Enterprises, Inc.,* 333 Fed. Appx. at 613. However, the Court will do so briefly.

the state where the allegedly infringed intellectual property is held.' ").

However, the Complaint does not satisfactorily allege that Biocomp either "(i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce." N.Y. C.P.L.R. § 302(a)(3).

First, as outlined above, the Complaint does not sufficiently allege that Biocomp regularly engages in business in New York or derives substantial revenue from goods or services rendered in New York. Second, in order to satisfy subsection (ii), Megna must demonstrate that "there are tangible manifestations showing that the nondomiciliary defendant . . . either should have known where [its product was] destined or was attempting to reach a New York market." *See Capitol Records, LLC*, 611 F.Supp.2d at 363–64 (internal quotation marks omitted). Although the Complaint alleges that "Biocomp direct[s] substantial and continuous activities at the residents of New York" (*see* Dkt. No. 1 at 2), this statement is merely a conclusory assertion that is not sufficient to establish personal jurisdiction. *See Gmurzynska*, 257 F.Supp.2d at 625 ("However, conclusory allegations are not enough to establish personal jurisdiction."). Therefore, since the Complaint does not adequately allege that Biocomp was attempting to reach a New York market or that it should have known its products were destined for New York, the Court finds that Section 302(a)(3) does not provide a basis for exercise of personal jurisdiction over Biocomp.

**B.** *DUE PROCESS ANALYSIS*

Since Megna has not demonstrated sufficient basis for the Court's exercise of personal jurisdiction in this action under New York's long-arm statute, Section 302, the Court need not consider the second step of the inquiry, "whether personal jurisdiction comports with the due process protections established under the Constitution." *Lewis*, 2015 WL 6442255, at *3; *see Bensusan Rest. Corp. v. King*, 126 F.3d 25, 27 (2d Cir.1997) ("Because we believe that the exercise of personal jurisdiction in the instant case is proscribed by the law of New York, we do not address the issue of due process."). The Court therefore concludes that Megna has not sufficiently alleged that the Court may exercise personal jurisdiction over Biocomp.

### III. *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that the Motion (Dkt. No. 13) of defendants Biocomp Laboratories, Inc. ("Biocomp") and Blanche D. Grube, DMD, IMD ("Grube," together with Biocomp, "Defendants") to dismiss the Complaint (Dkt. No. 1) for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure ("Rule 12(b)(2)") is **GRANTED**; and it is further

**ORDERED** that plaintiff Richard Megna ("Megna") is granted leave to file, within thirty (30) days of the date of this Order, an amended complaint in this matter addressing the jurisdictional deficiencies described above.

**SO ORDERED.**