■ DAVIDSON EXTRUSIONS, INC., Appellant, v TOUCHE ROSS & Co. et al., Respondents.—In an action, *inter alia,* to recover damages for fraud and breach of contract, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (McGinity, J.), entered November 18, 1985, which denied its cross motion for discovery and inspection, and granted the defendants' motion to dismiss the complaint, and (2) as limited by its brief, from so much of an order of the same court, entered January 16, 1986, as, upon renewal and reargument, adhered to the original determination.

Ordered that the appeal from the order and judgment is dismissed, since it was superseded by the order made upon renewal and reargument; and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the defendants are awarded one bill of costs.

The plaintiff, Davidson Extrusions, Inc., a New York corporation, entered into negotiations with the defendant, Henry Butcher & Company, for the purchase of the equipment contained in an aluminum extrusion and anodizing factory located in Cyprus. Henry Butcher & Company (hereinafter Butcher) is an English partnership engaged in the business of valuing, auctioning and surveying commercial and industrial properties.

The aluminum extrusion and anodizing factory was ordered

liquidated pursuant to order of the Cypriot Government dated July 21, 1983. The Cyprus Registrar of Cooperative Societies published notice of this liquidation in the Official Gazette of the Republic of Cyprus, which publication appointed Messrs. A. M. Loizides and Stavros I. Vakis as coliquidators. Thereafter, Loizides and Vakis hired the defendant Butcher to administer the liquidation.

After engaging in a series of overseas communications with Butcher concerning the proposed liquidation, and having examined a printed catalogue which described the equipment and stated that the terms of any liquidation contract were to be construed and governed by Cypriot law, Albert Davidson, president of the plaintiff Davidson Extrusions, Inc., traveled to Cyprus to inspect the equipment. In Cyprus, Mr. Davidson met with Loizides, Vakis, and a Stelios Christodoulou, who gave Davidson a business card which indicated that he was the manager of the Cyprus office of Touche Ross & Co.

The defendant Touche Ross & Co. is a New York partnership of certified public accountants. It is a member firm of Touche Ross International, a Swiss Verein which is a judicial entity recognized under Swiss law and organized in Switzerland. Loizides and Vakis were partners in the accounting firm of Metaxes Loizides Syrimis & Co., which was also a member firm of the Swiss Verein, Touche Ross International. As such, the firm was authorized to use the name Touche Ross & Co. solely in connection with the performance of accounting services in Cyprus. Neither Loizides nor Vakis were partners in the defendant Touche Ross & Co.

An oral agreement was reached between Davidson, Loizides and Vakis on September 6, 1984, for the sale of the equipment for $525,000. An unexecuted proposed contract was sent to Mr. Davidson with an attached introductory card which stated "with the compliments of Touche Ross & Co. CERTIFIED PUBLIC ACCOUNTANTS (CYPRUS)". This contract stated that Loizides and Vakis were acting as joint liquidators of the property and that payment was to be made to their clients' account in a Cypriot bank. In reliance on this proposed contract, Mr. Davidson had allegedly contracted for the resale of the equipment to the People's Republic of China. However, prior to the execution of the contract, and after the plaintiff made a $75,000 down payment to the account in the Cypriot bank, Loizides and Vakis apparently reneged on the agreement.

Thereafter, the plaintiff brought the instant action alleging, *inter alia,* breach of contract and further contending that the

defendants made fraudulent misrepresentations concerning their intent to consummate the sale. By notice of motion dated March 22, 1985, Butcher moved to dismiss the action as against it for lack of personal jurisdiction, contending that it neither conducted nor transacted business in New York State. Touche Ross & Co. also moved to dismiss for failure to state a valid cause of action, arguing that Loizides and Vakis had been acting in their individual capacities as coliquidators and that liquidation was outside the scope of Touche Ross & Co.'s business. Further, Touche Ross & Co. sought dismissal based upon forum non conveniens.

Special Term granted Butcher's motion, determining, *inter alia,* that there were lacking the requisite contacts necessary to sustain jurisdiction over it. Additionally, the court found that Touche Ross & Co. had no involvement with the contract in question and dismissed the complaint as against it. The court alternatively held that the complaint should be dismissed based on the ground of forum non conveniens. The plaintiff now appeals. We affirm.

We find that Special Term properly determined that Touche Ross & Co. was not a proper party to this action. According to the July 21, 1983 published order of liquidation, the Cypriot Government had appointed Loizides and Vakis as coliquidators in their individual capacities, thus indicating that Touche Ross & Co. had no involvement in the transaction. Further, the record provides no support for the plaintiff's contention that it was somehow justified in assuming Loizides and Vakis were acting with the apparent authority of the defendant Touche Ross & Co. in negotiating the contract. Moreover, the court properly dismissed the action on the ground of forum non conveniens (CPLR 327). The record reveals that: (1) the transaction had occurred almost entirely in Cyprus, (2) the major witnesses to the transaction resided in Cyprus, (3) the relevant documents outlining the parameters of the liquidation were maintained by the Cypriot Government, and, (4) the proposed contract of sale as well as the catalogue describing the factory cited Cypriot law as applicable to any dispute under the contract *(see, Islamic Republic v Pahlavi,* 62 NY2d 474, *cert denied* 469 US 1108; *Hormel Intl. Corp. v Andersen & Co.,* 55 AD2d 905).

Further, Special Term correctly dismissed the complaint as against the defendant Butcher for lack of personal jurisdiction. The plaintiff has failed to show that Butcher has voluntarily elected to invoke the benefits and protection of the laws of this State *(see,* CPLR 302 [a] [1]; *Longines-Wittnauer Watch Co.*

*v Barnes & Reinecke,* 15 NY2d 443, *cert denied sub nom. Estwing Mfg. Co. v Singer,* 382 US 905; *Singer v Walker,* 15 NY2d 443). Moreover, the record reveals that Butcher did not transact business within the State by virtue of its placing an advertisement for the liquidation in a trade journal with national circulation or by receiving overseas telephone calls from the plaintiff in response to this advertisement *(see, Greenberg v R. S. P. Realty Corp.,* 22 AD2d 690; *Frummer v Hilton Hotels Intl.,* 19 NY2d 533, *cert denied* 389 US 923; *Singer v Walker, supra).*

Additionally, the plaintiff's contention that jurisdiction may be established pursuant to CPLR 302 (a) (3) is unavailing. The injuries allegedly suffered by the plaintiff in New York are clearly remote from the alleged tortious conduct and are merely the result of its domicile in the State *(see, Sybron Corp. v Wetzel,* 46 NY2d 197; *American Eutectic Welding Alloys Sales Co. v Dytron Alloys Corp.,* 439 F2d 428). Nor has the plaintiff established that Butcher could have reasonably foreseen that its acts would have consequences in New York *(see, Martinez v American Std.,* 91 AD2d 652, *affd* 60 NY2d 873; *World-Wide Volkswagen Corp. v Woodson,* 444 US 286). Mangano, J. P., Niehoff, Kunzeman and Kooper, JJ., concur.