■ ADELE O'BRIEN, Respondent, v HACKENSACK UNIVERSITY MEDICAL CENTER, Appellant, et al., Defendants. [760 NYS2d 425] —Order, Supreme Court, Bronx County (Jerry Crispino, J.), entered October 11, 2001, which denied the motion of Hackensack University Medical Center pursuant to CPLR 3211 (a) (8) to dismiss the complaint based on lack of personal jurisdiction, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint as against it.

This is a medical malpractice action in which the parties dispute whether New York's long-arm statute (CPLR 302) confers jurisdiction over defendant-appellant, a New Jersey medical center. Plaintiff's decedent, a Bronx resident and cancer patient who died on March 14, 1998, was treated at defendant Hackensack University Medical Center from November 1997 through March 1998. Defendant's principal place of busi-

ness is in New Jersey, and it is not licensed to do business in New York, maintains no office or other place of business in New York, has no New York mailing address or any New York telephone number, has no agents or representatives or bank accounts in New York, pays no New York taxes and files no New York tax returns, and neither owns, leases, uses nor possesses any New York real estate. The purported New York contacts are that defendant solicits patients that reside in New York and, in fact, solicited decedent. Plaintiff also asserts that defendant has an affiliation with New York's Einstein Hospital in which regard referrals are made to New York doctors for laboratory work and examinations, and that defendant purportedly participates in studies involving New York residents. With regard to plaintiff's decedent, plaintiff contends that decedent was prescribed chemotherapy by one of defendant's physicians, which was administered at Einstein in New York, and that treatment continued by telephone calls, mail and fax between defendant's physicians in New Jersey and New York physicians. However, no allegations are made of any financial connection between the institutions arising out of these referrals such as would establish that defendant was providing goods or services within New York.

Plaintiff relies on the "transacts * * * business" provision of CPLR 302 (a) (1), as well as the "tortious act without the state causing injury to [a] person * * * within the state" provision of CPLR 302 (a) (3), as grounds for New York's long-arm jurisdiction. Regarding the transaction-of-business predicate for jurisdiction, the connection between the activity and the state must be purposeful. A single transaction will suffice, as long as there is a substantial relationship between that transaction and the alleged injury (*Reiner & Co. v Schwartz*, 41 NY2d 648 [1977]; *Bunkoff v State Auto. Mut. Ins. Co.*, 296 AD2d 699 [2002]). Cumulative minor activities that, individually, may be insufficient, may suffice for constitutional purposes (*Longines-Wittnauer Watch Co. v Barnes & Reinecke*, 15 NY2d 443, 458 [1965], *cert denied sub nom. Estwing Mfg. Co. v Singer*, 382 US 905 [1965]) as long as the cumulative effect creates a significant presence within the state (*cf. McKee Elec. Co. v Rauland-Borg Corp.*, 20 NY2d 377, 382 [1967] [cumulative contacts still "infinitesimal"]). In either event, the burden rests on plaintiff as the party asserting jurisdiction (*Reiner, supra*; *Bunkoff, supra*). We have stated that the "test is whether the defendant has engaged in some purposeful activity in New York in connection with the matter in controversy" (*Otterbourg, Steindler, Houston & Rosen v Shreve City Apts.*, 147 AD2d 327, 331).

However, mere solicitation of business within the state does not constitute the transaction of business within the state, unless the solicitation in New York is supplemented by business transactions occurring in the state (*cf. Kaczorowski v Black & Adams*, 293 AD2d 358 [2002]), or the solicitation is accompanied by a fair measure of the defendant's permanence and continuity in New York which establishes a New York presence (*cf. Cardone v Jiminy Peak*, 245 AD2d 1002, 1003 [1997]; *cf. Chamberlain v Jiminy Peak*, 176 AD2d 1109, 1110 [1991]). Solicitation limited to the defendant maintaining a telephone listing in New York (*Carte v Parkoff*, 152 AD2d 615, 616 [1989]; *Ziperman v Frontier Hotel*, 50 AD2d 581 [1975]; *J. E. T. Adv. Assoc. v Lawn King*, 84 AD2d 744 [1981], *appeal dismissed* 56 NY2d 648 [1982]) is insufficient and, as noted, defendant herein does not have a New York telephone number or another New York point of contact in furtherance of the solicitation. Nor would the New York residence of patients or the New York licensing of its physicians, factors likely resulting from the hospital's geographic proximity to New York, confer jurisdiction (*Hermann v Sharon Hosp.*, 135 AD2d 682 [1987]), the issue being the nature of the hospital's actual business transactions within the state. In the *Jiminy Peak* cases (*supra*) the Massachusetts ski resort engaged in significant solicitation of business among New York residents, sold tickets in New York, listed a phone number in a New York telephone directory, advertised in New York-centered media, attended promotional events in New York and mailed promotional material to New York residents, and even visited New York schools which participated in its ski program so as to premeasure students for equipment rentals, but still had not transacted business to confer jurisdiction. Notably, the defendant in those cases had no New York office, no New York mailing address, no New York bank accounts and no employees working in New York, factors which, while not individually dispositive, in the aggregate militated against finding that defendant had a sufficient New York presence so as to justify jurisdiction (*accord Sedig v Okemo Mtn.*, 204 AD2d 709, 710 [1994]). These activities were "all sporadic and not carried out from a permanent location in the State or by its agents or employees in the State" and as such were not sufficiently continuous and systematic as to establish a New York presence (*Cardone, supra* at 1004). The purported solicitation in the present case, even accompanied by what really amounts to treatment of New York residents in New Jersey, does not provide a stronger case for finding that defendant transacted business in New York. Finally, it is well established that the situs of the injury is the

location where the event giving rise to the injury occurred, and not where the resultant damages occurred. In a medical malpractice case, the injury occurs where the malpractice took place (*Hermann, supra* at 683; *Carte, supra* at 616), in this case, New Jersey. Hence, CPLR 302 (a) (3) is inapplicable as a basis for jurisdiction. Concur—Tom, J.P., Mazzarelli, Andrias and Saxe, JJ.