**GIRL SCOUTS OF THE UNITED STATES OF AMERICA,**
Plaintiff–Appellant,

v.

**Michael STEIR and Linda J. Steir,**
Defendants–Appellees.

No. 03–9087.

United States Court of Appeals,
Second Circuit.

June 24, 2004.

Patricia A. Cody (Kenneth Kirschner, on the brief), Kelley Drye & Warren LLP, New York, New York, for Appellant.

Charles Quinn, Fish & Neave, New York, New York, for Appellees.

Present: OAKES, RAGGI, Circuit Judges, and HOLWELL,* District Judge.

## SUMMARY ORDER

Plaintiff–Appellant Girl Scouts of the United States of America appeals from the district court's judgment dismissing its trademark infringement action for lack of personal jurisdiction over Defendants–Appellees Michael and Linda Steir, residents of New Hampshire. *See* Fed.R.Civ.P. 12(b)(2). We assume familiarity with the record before the district court and with its challenged ruling, and we hereby affirm the dismissal.

We review the district court's dismissal for want of personal jurisdiction *de novo*. *See In re Magnetic Audiotape Antitrust Litigation*, 334 F.3d 204, 206 (2d Cir.2003). Because the district court chose to rely on pleadings and affidavits, dismissal is appropriate only if the submissions, when viewed in the light most favorable to the plaintiff, fail to make a *prima facie* showing of personal jurisdiction over the defendants. *See Distefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84 (2d Cir.2001).

* The Honorable Richard J. Holwell of the United States District Court for the Southern District of New York, sitting by designation.

In a federal question case where defendants reside outside the forum state, we look to the forum state's personal jurisdiction rules, unless the applicable federal statute provides for nationwide service of process. *See Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17, 22 (2d Cir.2004). Because the Lanham Act does not provide for nationwide service of process, *see* 15 U.S.C. §§ 1051 *et seq.; see also Sunward Élecs., Inc. v. McDonald*, 362 F.3d at 22, we examine New York's jurisdictional statutes to determine whether there is personal jurisdiction over defendants. If jurisdiction is appropriate under New York's long-arm statute, we must then decide whether the exercise of such jurisdiction comports with the requirements of due process. *See Sunward Elecs., Inc. v. McDonald*, 362 F.3d at 24.

Girl Scouts asserts that personal jurisdiction over the Steirs exists under sections 302(a)(1) and 302(a)(3) of the New York state long-arm statute. We disagree.

### 1. *N.Y. C.P.L.R. § 302(a)(1)*

■ Section 302(a)(1) provides that a court may exercise personal jurisdiction over a foreign defendant who "transacts any business within the state" provided the claim asserted arises from the transaction of such business. N.Y. C.P.L.R. § 302(a)(1); *see Sunward Elecs., Inc. v. McDonald*, 362 F.3d at 22. Girl Scouts contends that the Steirs transacted business in New York (1) by maintaining a website that (a) advocated their position in their New Hampshire discrimination lawsuit against Girl Scouts and (b) urged visitors to send a form letter to Girl Scouts in New York and to boycott Girl Scout cookies, and (2) by conducting litigation-related activities in New York. We conclude that § 302(a)(1) does not support the exercise of personal jurisdiction in this case, although we do so for slightly different reasons than those stated by the district court.

Preliminarily, we need not decide whether any of the Steirs' website activity can be considered "commercial." Contrary to the district court's suggestion, non-commercial activity may qualify as the transaction of business under § 302(a)(1). *See Padilla v. Rumsfeld*, 352 F.3d 695, 709–10 & n. 19 (2d Cir.2003). Nevertheless, a nondomiciliary "transacts business" in New York under § 302(a)(1) only when he purposefully avails himself of the privilege of conducting activities within New York, thus invoking the benefits and protections of the state's laws. *See CutCo Indus., Inc. v. Naughton*, 806 F.2d 361, 365 (2d Cir.1986); *McKee Elec. Co. v. Rauland–Borg Corp.*, 20 N.Y.2d 377, 382, 283 N.Y.S.2d 34, 37–38, 229 N.E.2d 604 (1967). That is not this case. The Steirs' website is directed at the entire United States in an effort both to garner support for their New Hampshire lawsuit and to effect a national change in Girl Scouts' policies toward disabled members. The Steirs have manifested no intent specifically to target New York supporters or to avail themselves of the particular benefits of New York law. Although the actions promoted by the Steirs may reach New York residents or the Girl Scouts at their New York headquarters, the Steirs themselves have not engaged in any " 'purposeful activity' " in New York in connection with their allegedly infringing website. *Padilla v. Rumsfeld*, 352 F.3d at 709 (quoting *Longines–Wittnauer Watch Co. v. Barnes & Reinecke, Inc.*, 15 N.Y.2d 443, 457, 261 N.Y.S.2d 8, 18, 209 N.E.2d 68 (1965)). As New York law makes plain, the "mere solicitation of business within the state does not constitute the transaction of business within the state" absent some other New York-directed activities. *O'Brien v. Hackensack Univ. Medical Ctr.*, 305 A.D.2d 199, 201, 760 N.Y.S.2d 425, 427 (1st

Dep't 2003); *see also Davidson Extrusions, Inc. v. Touche Ross & Co.,* 131 A.D.2d 421, 423–24, 516 N.Y.S.2d 230, 232 (2d Dep't 1987) (holding placement of advertisement in national publication not sufficient to constitute transaction of business within state).

■ Girl Scouts also contends that the Steirs transacted business in New York by conducting litigation-related activities within the state. Assuming Girl Scouts could show that such activities constitute transacting business in New York—an argument for which they offer no supporting legal authority—these acts do not bear an articulable nexus to the trademark action. *See McGowan v. Smith,* 52 N.Y.2d 268, 272–73, 437 N.Y.S.2d 643, 645, 419 N.E.2d 321 (1981).

Accordingly, § 302(a)(1) cannot support the exercise of personal jurisdiction over the Steirs.

### 2. *N.Y. C.P.L.R. § 302(a)(3)*

■ Section 302(a)(3) provides that a tortious act committed outside New York that causes injury to a person within New York may be a basis for personal jurisdiction, *see* N.Y. C.P.L.R. § 302(a)(3); *see also Distefano v. Carozzi N. Am., Inc.,* 286 F.3d at 84, provided that the defendant either (i) "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered" in New York, N.Y. C.P.L.R. § 302(a)(3)(i), or (ii) "expects or should reasonably expect the act to have consequences in [New York] and derives substantial revenue from interstate or international commerce," N.Y. C.P.L.R. § 302(a)(3)(ii). *See also Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez,* 305 F.3d 120, 124–25 (2d Cir.2002). Girl Scouts cannot satisfy either § 302(a)(3)(i) or (ii).

At the outset, we note that Girl Scouts has not shown that the Steirs derive any revenue—let alone, substantial revenue—from goods used or services rendered in New York or from interstate or international commerce. We know of no authority, and Girl Scouts cites us to none, to support their claim that the Steirs' efforts to secure a large monetary settlement from Girl Scouts on their New Hampshire claim satisfies the "substantial revenue" requirement of § 302(a)(3)(ii).

■ Nor has Girl Scouts demonstrated that the Steirs regularly solicit business in New York or engage in any persistent course of conduct within New York. *See* N.Y. C.P.L.R. § 302(a)(3)(i). First, the Steirs' litigation-related activities in New York, whether in connection with their discrimination lawsuit or in response to the present action, are not of a regular or persistent character, as required by § 302(a)(3)(i). Second, the mere fact that the Steirs' website, which invites only limited interactive content, is continuously accessible to New York residents does not establish the sort of persistent course of conduct in the state fairly to require the Steirs to answer in New York for their out-of-state actions in maintaining the website. *See Ingraham v. Carroll,* 90 N.Y.2d 592, 597, 665 N.Y.S.2d 10, 12, 687 N.E.2d 1293 (1997); *see also GTE New Media Servs. Inc. v. BellSouth Corp.,* 199 F.3d 1343, 1349–50 (D.C.Cir.2000) (analyzing long-arm statute similar to § 302(a)(3)(i) and rejecting argument that personal jurisdiction can be based "solely on the ability of District residents to access the defendants' websites, for this does not by itself show any persistent course of conduct by the defendants in the District").

Because we conclude that Girl Scouts' allegations do not support the exercise of

jurisdiction over the Steirs under either § 302(a)(1) or (3), we need not address whether the exercise of personal jurisdiction in this case would comport with the requirements of due process.

3. *Jurisdictional Discovery*

Girl Scouts submits that the district court erred in failing to afford it jurisdictional discovery or evidentiary hearings on the issue of personal jurisdiction. Because Girl Scouts did not establish a *prima facie* case of personal jurisdiction over the Steirs, and because, as oral argument revealed, they have no good faith basis for thinking discovery will yield information likely to establish personal jurisdiction over defendants, we conclude that the district court did not abuse its discretion in denying discovery. *See Jazini v. Nissan Motor Co.*, 148 F.3d 181, 186 (2d Cir.1998).

Accordingly, we AFFIRM the district court's dismissal of Girl Scouts' trademark infringement action for lack of personal jurisdiction over the Steirs.