■ JOEL SCHMELKIN et al., Respondents, v MARTIN R. GARFIELD, Appellant. [925 NYS2d 139]—

In an action, inter alia, for the dissolution of a law partnership, the defendant appeals from an order of the Supreme Court, Nassau County (Bucaria, J.), dated September 13, 2010, which denied his motion to change the venue of the action from Nassau County to New York County.

Ordered that the order is affirmed, with costs.

In 1989 attorneys Joel Schmelkin and Martin R. Garfield entered into an oral partnership agreement to conduct business under the firm name of Breadbar, Garfield, and Schmelkin (hereinafter the partnership). On May 17, 1996, Schmelkin and Garfield entered into a written partnership agreement which provided for the disposition of Schmelkin and Garfield's interests in the partnership in the event either of them "dies, becomes permanently disabled, voluntarily chooses not to perform his function as an attorney and Partner of Breadbar, Garfield, and Schmelkin, or involuntarily is unable to perform his function as an attorney and partner of Breadbar, Garfield and Schmelkin for reasons including, but not limited to, suspension or disbarment."

The written partnership agreement provided that a voluntary withdrawal arises upon a partner's retirement or upon the departing partner's choice to practice law as a solo practitioner or as an associate or partner of another firm. The agreement also contained a forum and venue selection clause, providing that any dispute arising therefrom, be "resolved by a Court in the State of New York, County of New York without a jury."

The plaintiffs Schmelkin and the partnership commenced this action seeking a judicial dissolution of the partnership based on Garfield's allegedly willful and persistent breaches of the partnership agreement, an accounting, as well as damages allegedly caused by Garfield's failure to perform his partnership duties and obligations. The plaintiffs designated Nassau County for the place of trial basing the venue selection on Schmelkin's residence.

Garfield failed to sustain his burden of establishing that the forum selection clause applies here (see generally Bernstein v Wysoki, 77 AD3d 241 [2010]), since the allegations in the

complaint are not based on any of the criteria for the partners' disposition of shares as set forth in the agreement.

The defendant's remaining contentions are without merit. Prudenti, P.J., Angiolillo, Florio and Cohen, JJ., concur.