■ RHONDA JACKSON, as Administratrix of the Estate of MICHAEL WILLIAMS and as Representative of the Heirs and Distributees of MICHAEL WILLIAMS, Deceased, Respondent-Appellant, v JOSE R. SANCHEZ-PENA, M.D., et al., Defendants, and MAYANK D. PATEL, M.D., Appellant-Respondent. [961 NYS2d 421]—

Order, Supreme Court, New York County (Douglas E. McKeon, J.), entered on or about December 20, 2011, which, in this medical malpractice action, granted defendant-appellant's motion to dismiss the complaint as against him upon the condition that defendant not raise the statute of limitations as an affirmative defense should a similar action be commenced in another jurisdiction, unanimously modified, on the law, to vacate the condition, and otherwise affirmed, without costs.

Defendant, a doctor who resides and practices in New Jersey, conducted two colonoscopies of the decedent, a New York resident, in New Jersey in April and May 2008. Defendant has never lived in New York, is not licensed to practice in New York, maintains no office or other place of business in New York, and pays no New York taxes. However, a New York doctor referred decedent to defendant.

The court properly dismissed the action as against defendant for lack of personal jurisdiction. Given defendant's affidavit denying any payment or other financial arrangement for the New York doctor's referrals, it cannot be said that defendant

was transacting business in New York based solely on his treatment, wholly in New Jersey, on an ad hoc basis, of the referred patients (*O'Brien v Hackensack Univ. Med. Ctr.*, 305 AD2d 199, 200-201 [1st Dept 2003]; *see also Ingraham v Carroll*, 90 NY2d 592, 596 n 1 [1997]). Further, there is no evidence that defendant paid or arranged for decedent's transportation to and from New Jersey. Accordingly, jurisdiction does not exist under CPLR 302 (a) (1).

Nor does jurisdiction exist under CPLR 302 (a) (3) based on a "tortious act without the state causing injury to [decedent] . . . within the state" (*id.*). Plaintiff asserts that, while the allegedly negligent act occurred in New Jersey, questions of fact exist as to where the injury occurred, as the decedent's condition deteriorated over time after he returned to New York. However, "[i]n a medical malpractice case, the injury occurs where the malpractice took place" (*O'Brien*, 305 AD2d at 202). Accordingly, the injury here occurred in New Jersey, not New York.

Given the motion court's correct conclusion that it lacked personal jurisdiction over defendant, it lacked authority to require defendant to waive any statute of limitations defense in any similar action commenced in another jurisdiction (*Foley v Roche*, 68 AD2d 558, 566 [1st Dept 1979]). The court's reliance on *Lancaster v Colonial Motor Frgt. Line* (177 AD2d 152, 159 [1st Dept 1992]), which conditioned dismissal upon such a waiver, is misplaced, as defense counsel in *Lancaster* expressly consented to waive that defense (*id.*). Concur—Gonzalez, P.J., Sweeny, Renwick and Manzanet-Daniels, JJ.