Rodionov v Redfern (2019 NY Slip Op 04328)





Rodionov v Redfern


2019 NY Slip Op 04328


Decided on June 4, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 4, 2019

Acosta, P.J., Richter, Kapnick, Kahn, Kern, JJ.


9519 651976/16

[*1]Sergey Rodionov, etc., Plaintiff-Appellant, Alexander Ezhkov, etc., Plaintiff,
v
William Donald Redfern also known as Donald Redfern), et al., Defendants-Respondents, Peter Voletsky, et al., Defendants.


Otterbourg, P.C., New York (Pauline McTernan of counsel), for appellant.
Bachner & Associates, P.C., New York (Michael F. Bachner of counsel), for respondents.



Order, Supreme Court, New York County (Eileen Bransten, J.), entered June 5, 2018, to the extent it granted defendants William Donald Redfern, Fabienne Delaunay, and Ellen Rachelle Wittman's motion to dismiss the complaint against them on grounds of, inter alia, forum non conveniens (CPLR 327[a]), unanimously affirmed, without costs.
The court correctly dismissed the complaint on grounds of forum non conveniens. The court properly balanced the factors set forth in Islamic Republic of Iran v Pahlavi (62 NY2d 474, 479 [1984], cert denied 469 US 1108 [1985]) in finding New York to be an inconvenient forum for the dispute. Although defendants employed a New York limited liability company and a New York investment account in carrying out the alleged fraudulent scheme, the bulk of the fraudulent transactions occurred in Cyprus, with most of the litigants and witnesses being domiciled or located there (see Metz v Davis Polk & Wardwell, 133 AD3d 501 [1st Dept 2015], lv denied 26 NY3d 919 [2016]; Davidson Extrusions v Touche Ross & Co., 131 AD2d 421, 423 [2d Dept 1987]). Given the lack of a substantial nexus to New York, litigating the dispute here would impose a burden on New York courts (see Silver v Great Am. Ins. Co., 29 NY2d 356, 361 [1972]. Further, Cyprus is an adequate alternative forum for litigating the dispute (see LaSala v Bank of Cyprus Pub. Co., 510 F Supp 2d 246, 255-256 [SD NY 2007]).
In light of the foregoing, we need not reach the parties' remaining contentions.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 4, 2019
CLERK