Robins v Procure Treatment Ctrs., Inc. (2020 NY Slip Op 00047)





Robins v Procure Treatment Ctrs., Inc.


2020 NY Slip Op 00047


Decided on January 2, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 2, 2020

Richter, J.P., Gische, Mazzarelli, Gesmer, JJ.


10690N 805644/15

[*1] Barbara Robins, Plaintiff-Respondent,
v
Procure Treatment Centers, Inc., et al., Defendants, Princeton Procure Management, LLC, et al., Defendants-Appellants.


Wilson Elser Moskowitz Edelman & Dicker LLP, White Plains (Roland T. Koke of counsel), for Princeton Procure Management, LLC, and Procure Proton Therapy Center, appellants.
Amabile & Erman, P.C., Staten Island (Charles A. Franchini of counsel), for Henry K. Tsai, M.D., and Brian H. Chon, M.D., appellants.
Law Office of Robert F. Danzi, Jericho (Robert F. Danzi of counsel), for respondent.



Order, Supreme Court, New York County (George J. Silver, J.), entered January 17, 2019, which to the extent appealed from, upon reargument, determined that personal jurisdiction existed over defendants Princeton Procure Management, LLC and Procure Proton Therapy Center (together, PPM), and over defendants Henry K. Tsai, M.D., and Brian H. Chon, M.D., and dismissed PPM's affirmative defense of lack of personal jurisdiction, unanimously reversed, on the law, without costs, PPM's affirmative defense reinstated, and the action dismissed as against Drs. Tsai and Chon. The Clerk is directed to enter judgment in favor of Drs. Tsai and Chon.
In this medical malpractice action, plaintiff alleges that in 2013 she was referred by defendant Mount Sinai Hospital, a New York entity, for proton therapy treatment at a facility in New Jersey owned by PPM, and that the treatment resulted in bilateral blindness. Plaintiff alleges that defendant Princeton Radiology Associates, P.A. (PRO), is comprised of doctors, including Drs. Tsai and Chon, who specialize in radiation oncology and provide services at the proton therapy facility in New Jersey.
After defendants PPM, PRO, Tsai and Chon moved to dismiss for lack of personal jurisdiction, the motion court found that plaintiff had made a "substantial start" in demonstrating a basis for personal jurisdiction over those defendants. PPM appealed and this Court affirmed, noting the evidence that PPM had identified a principal place of business in New York, and that it "marketed its Somerset, New Jersey, location to target New York residents, touting its proximity to New York in advertising," and "entered into an agreement with a consortium of New York City hospitals for the referral of cancer patients for treatment at its facility" (Robins v Procure Treatment Ctrs., Inc., 157 AD3d 606, 607 [1st Dept 2018]).
Following jurisdictional discovery, the parties, at the direction of the court, made submissions on the issue of whether plaintiff could meet her ultimate burden of showing that personal jurisdiction existed over appellants (see O'Brien v Hackensack Univ. Med. Ctr., 305 AD2d 199, 200 [1st Dept 2003]). After the court issued orders that did not determine all issues presented, PPM and Drs. Tsai and Chon moved to reargue and plaintiff cross- moved to strike their affirmative defenses of lack of personal jurisdiction. The court then held that plaintiff had demonstrated that personal jurisdiction could be exercised over those defendants and granted the cross motion. We reverse.
Plaintiff did not meet her ultimate burden of establishing that Drs. Tsai and Chon, New Jersey doctors who treated her in New Jersey, projected themselves, on their own initiative, into [*2]New York to engage in a sustained and substantial transaction of business related to her claims, such that specific long-arm jurisdiction existed over them under CPLR 302(a)(1) (see William v Beemiller Inc., 33 NY3d 523 [May 9, 2019]; Paterno v Laser Spine Inst., 24 NY3d 370, 372 [2014]; O'Brien, 305 AD2d at 200-201). Plaintiff submitted evidence that they participated in radio interviews intended to solicit New York residents, but those interviews occurred after the alleged malpractice and therefore, do not relate to plaintiff's claims (see Paterno, 24 NY3d at 379). Nor do the billing records establish that PRO physicians actually managed plaintiff's care with Dr. Shrivastava, and any co-management of care was insufficient to serve as a basis for jurisdiction because it did not occur in New York, but only in New Jersey. Whether Drs. Tsai and Chon were employees or members of PRO, the evidence does not demonstrate that they engaged in activities in New York sufficient to exert personal jurisdiction over them as individuals (compare Fischbarg v Doucet, 9 NY3d 375, 380 [2007]; see generally Ferrante Equip. Co. v Lasker-Goldman Corp., 26 NY2d 280, 283 [1970]).
As to PPM, it urges that plaintiff did not meet its ultimate burden and asks this Court to reinstate its affirmative defense so that issues of fact concerning jurisdiction may be decided by the trier of fact. On review of the record, we conclude that the evidence submitted by plaintiff following discovery is no greater than that presented in opposition to the original motion (see Robins at 607), and therefore does not warrant dismissal of PPM's affirmative defense of lack of jurisdiction. As to general jurisdiction under CPLR 301, plaintiff presented documents in which PPM listed a New York place of business, but PPM submitted an affidavit of its president, who identified PPM's principal place of business as in New Jersey and denied having a New York principal office. While the affidavit was cursory, plaintiff's evidence did not establish that PPM's principal place of business, or "nerve center," was in New York (AlbaniaBEG Ambient Sh.p.k. v Enel S.p.A., 160 AD3d 93, 102 [1st Dept 2018], quoting Daimler AG v Bauman, 571 US 117, 137-138 [2014]; Hertz Corp. v Friend, 559 US 77, 97 [2010]).
Plaintiff also failed to establish that specific long-arm jurisdiction exists over PPM under CPLR 302(a)(1). The evidence presented by plaintiff, including various contracts and the radio interviews and billing documents discussed above, provides a "sufficient start" in demonstrating a basis for asserting personal jurisdiction (see Robins, supra), but does not warrant dismissal of PPM's affirmative defense (see Paterno, supra; O'Brien, supra).
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 2, 2020
CLERK