U.S. Immigration Fund LLC v Litowitz (2020 NY Slip Op 02533)





U.S. Immigration Fund LLC v Litowitz


2020 NY Slip Op 02533


Decided on April 30, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2020

Manzanet-Daniels, J.P., Kapnick, Gesmer, Oing, JJ.


11154 159222/18

[*1]U.S. Immigration Fund LLC, et al., Plaintiffs-Appellants,
v
Douglas Litowitz, Esq., et al., Defendants-Respondents, Reviv-East Legal Consultants (HK) Ltd. also known as Hong Kong Zhendong Legal Services Consulting Co., Ltd., Defendant.


Otterbourg P.C., New York (Richard G. Haddad of counsel), for appellants.
Douglas Litowitz, respondent pro se.



Order, Supreme Court, New York County (Melissa A. Crane, J.), entered April 5, 2019, which, to the extent appealed from as limited by the briefs, granted defendants Douglas Litowitz, Esq.'s and Xuejun Makhsous a/k/a Ma Xuejun a/k/a Zoe Ma's motions to dismiss the complaint as against them for lack of personal jurisdiction, unanimously modified, on the law, to extent of reinstating the third cause of action for breach of the Confidentiality Agreement as against defendant Litowitz, and otherwise affirmed, without costs.
Plaintiffs assert two bases for jurisdiction over defendants: the Confidentiality Agreement and long-arm jurisdiction.
The Confidentiality Agreement, which defendant Litowitz signed, provides that he consents to personal jurisdiction in New York to any "suit, action, or proceeding arising out of" it. Because the third cause of action alleges that he breached the Confidentiality Agreement, his motion to dismiss that cause of action based only on CPLR 3211(a)(8) for lack of personal jurisdiction should have been denied.
The Confidentiality Agreement, however, does not otherwise confer personal jurisdiction over Litowitz on the remaining claims. The crux of the complaint — which alleges fraud and defamation against defendants — fails to plead a sufficient nexus with the alleged breach of the Confidentiality Agreement (see Schmelkin v Garfield, 85 AD3d 755 [2d Dept 2011]). Moreover, the Confidentiality Agreement cannot provide a basis for asserting jurisdiction over defendant Ma because she did not sign it, and was not named as a party to it.
As to the remaining claims, New York's long-arm jurisdiction statute (CPLR 302[a][3]) does not serve as a basis for jurisdiction. In the context of commercial torts, where the damages are purely economic, "the situs of the injury is the location where the event giving rise to the injury occurred, and not where the resultant damages occurred" (O'Brien v Hackensack Univ. Med. Ctr., 305 AD2d 199, 201-202 [1st Dept 2003]; see McBride v KPMG Intl., 135 AD3d 576, 577 [1st Dept 2016]). The motion court correctly found that the critical events associated with the return of the investments occurred in Florida, where the plaintiffs' corporate offices are located, and not in New York, where the construction projects took place and where one of the plaintiffs was domiciled. Plaintiffs contend that the court erred in relying upon "two accountant malpractice cases" in support of this legal principle. However, the rule extends beyond accounting cases (see e.g. O'Brien, 305 AD2d at 199-200), and is applicable here. Defendants have no New York office, no New York mailing address, no New York bank accounts, and no employees working in New York, and they have virtually no other contacts with New York. [*2]These factors militate against a finding of personal jurisdiction (id. at 201).
We have considered plaintiffs' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 30, 2020
CLERK