DKC Group Holdings, LLC v Reece, Inc. (2026 NY Slip Op 01442)

DKC Group Holdings, LLC v Reece, Inc.

2026 NY Slip Op 01442

Decided on March 12, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 12, 2026

Before: Manzanet-Daniels, J.P., Kapnick, Pitt-Burke, Higgitt, Rosado, JJ. 

Index No. 655014/24|Appeal No. 5815|Case No. 2025-05347|

[*1]DKC Group Holdings, LLC et al., Plaintiffs-Appellants,
vReece, Inc., Defendant-Respondent.

Rottenberg Lipman Rich, P.C., New York (Thomas E. Chase of counsel), for appellants.
DLA Piper LLP, (US), New York (Garrett D. Kennedy of counsel), for respondent.

Order, Supreme Court, New York County (Melissa A. Crane, J.), entered August 1, 2025, which, insofar as appealed from as limited by the briefs, granted defendant's motion to dismiss the cause of action for aiding and abetting breach of fiduciary duty (the fourth cause of action), unanimously affirmed, without costs.
In 2022, the parties began exploring a possible acquisition of plaintiffs by defendant. As part of the negotiations, the parties entered into a confidentiality agreement designed to facilitate the exchange of confidential and proprietary information about plaintiffs' business. The forum selection clause in the agreement granted any State or Federal court sitting in New York "exclusive jurisdiction . . . over any suit, action or proceeding arising out of or relating to this Agreement." Plaintiffs' business was eventually sold to a different company, and plaintiffs allege that defendant later solicited and hired nearly 50 of plaintiffs' employees in breach of the confidentiality agreement. In this complaint, plaintiffs also interposed a cause of action for aiding and abetting breach of fiduciary duty, alleging that defendant induced three of plaintiffs' former employees to breach their common-law obligations to plaintiffs, as well as their contractual obligations under so-called award agreements between plaintiffs and the three employees. As a result, plaintiffs allege that those employees solicited other employees to join defendant and misappropriated plaintiffs' confidential information.
Supreme Court properly dismissed the cause of action for aiding and abetting breach of fiduciary duty for lack of personal jurisdiction under CPLR 3211(a)(8), as plaintiffs failed to plead a sufficient nexus between the aiding and abetting claim and the confidentiality agreement (see U.S. Immigration Fund LLC v Litowitz, 182 AD3d 505, 505-506 [1st Dept 2020]; see also Aerogen LLC v Tapjets Holdings Inc., 238 AD3d 532, 533 [1st Dept 2025]). The parties do not dispute that the only potential basis for a New York court to exercise personal jurisdiction over defendant — a Delaware corporation headquartered in Texas — is the forum selection clause in the parties' confidentiality agreement. However, the scope of the confidentiality agreement's forum selection clause does not extend to plaintiffs' aiding and abetting breach of fiduciary duty cause of action. The alleged breaches of fiduciary duty do not arise out of and are not related to the confidentiality agreement; rather, the fiduciary duties at issue in the aiding and abetting claim stem from the separate and independent award agreements between plaintiffs and the three former employees. Indeed, in actions brought in Arizona and Nevada, plaintiffs asserted direct breach of fiduciary duty causes of action against the same three employees without referring to the confidentiality agreement. Thus, the alleged breaches would have occurred even if the parties had never entered into the confidentiality agreement — a point plaintiffs' counsel conceded at a preliminary injunction hearing. We reject plaintiffs' assertion that the aiding and abetting claim is encompassed by the forum selection clause because it arises from the same operative facts as plaintiffs' breach of contract cause of action. Specifically, plaintiffs rely on federal court cases to argue that defendant's solicitation of plaintiffs' employees is part of a "suit, action or proceeding arising out of or relating to [the confidentiality] Agreement" because the allegations concerning the aiding and abetting claim overlap with plaintiffs' claim for breach of the confidentiality agreement. However, forum selection clauses only extend to extra-contractual causes of action where the tort claim "depend[s] on the existence of a contractual relationship" (KnowYourMeme.com Network, Inc. v Nizri, 2023 WL 6619165, at *1, 2023 US App LEXIS 26933, *3 [2d Cir Oct. 11, 2023, No. 22-1322]; see also Direct Mail Prod. Servs. Ltd. v MBNA Corp., 2000 WL 1277597, *6, 2020 US Dist LEXIS 12945, *17 [SD NY Sept. 7, 2000, No. 99 CIV 10550 (SHS)] ["[O]ne common thread running through these various formulations is the inquiry whether the plaintiff's claims depend on rights and duties that must be analyzed by reference to the contractual relationship"]). Here, the underlying breach of fiduciary duty claims arise, at least in part, out of wholly separate agreements with different forum selection provisions that do not depend on the existence of the confidentiality agreement. Although the aiding and abetting claim is based on some of the same operative facts, there is no other nexus with the confidentiality agreement (see Credit Suisse Sec. [USA] LLC v Hilliard, 469 F Supp 2d 103, 107-108 [SD NY 2007]).
In view of our disposition of this issue, we need not reach plaintiffs' arguments with respect to the propriety of dismissal under CPLR 3211(a)(4).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 12, 2026